BALLARD SPAHR LLP
Joel E. Tasca (Cal. Bar No. 344697)
Tasca@ballardspahr.com
Peng Shao (State Bar No. 319624)
shaop@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400;
Facsimile: 424.204.4350

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIE SAKAYAN, an individual, | Case No. 2:22-cv-6618 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| HARRY ZABILOV, an individual; ENZOLYTICS, INC., a Delaware corporation, IMMUNOTECH LABORATORIES, INC., a Nevada corporation, and DOES 1-50 | |
| Defendants. | |

NOTICE OF REMOVAL

TO THE CLERK OF THIS COURT AND ALL PARTIES HEREIN:

Please take notice that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Harry Zhabilov ("Zhabilov") (incorrectly named herein as "Harry Zabilov"), Immunotech Laboratories, Inc. ("Immunotech"), and Enzolytics, Inc. ("Enzolytics") (collectively "Defendants"), by their undersigned attorneys, hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division), based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of removal, Defendants, by undersigned counsel, state as follows:

## Commencement and Service of the Action

1. On September 3, 2021, Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled Elie Sakayan v. Harry Zabilov, et al., Case No. 22STCV20356. A copy of the Complaint ("Complaint"), along with all papers, pleadings, and orders from the state court proceeding is attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

2. On August 17, 2022, Plaintiff caused a copy of the Complaint to be served on Zhabilov.

3. On August 19, 2022, Plaintiff caused a copy of the Complaint to be served on Enzolytics.

4. On August 24, 2022, Plaintiff caused a copy of the Complaint to be served on Immunotech.

5. This is an action in which Plaintiff is asserting damages resulting from Plaintiff's claim that he is entitled to shares of stock in defendant Enzolytics.

6. The Complaint constitutes all of the process, pleadings and orders in this action.

DMFIRM #404843422 v3

1

NOTICE OF REMOVAL

7. Defendants will file a "Notice to State Court of Filing of Notice of Removal" and a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

8. Defendants will provide written notice of the removal of this action to Plaintiff via service upon Plaintiff's counsel of a "Notice to Plaintiff of Filing of Notice of Removal".

## Jurisdiction

9. Defendants are entitled to remove the action to this Court pursuant to 28 U.S.C. § 1441 as an action over which the Court has original federal jurisdiction under 28 U.S.C. § 1332, as there exists complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## Complete Diversity Among Properly Joined Parties

10. Plaintiff, Elie Sakayan ("Plaintiff" or "Sakayan") is an individual residing in the state of California.  Complaint, ¶1.

11. Accordingly, for purposes of this Court's diversity jurisdiction, Plaintiff is a citizen of California.

12. Zhabilov is an individual residing in the state of Texas.  Complaint, ¶4.

13. Accordingly, for purposes of this Court's diversity jurisdiction, Zhabilov is a citizen of Texas.

14. Based upon the Complaint, Defendant, Enzolytics, Inc. ("Enzolytics"), is a Delaware corporation with its principal place of business in Plano, Texas. Complaint, ¶2.

15. Accordingly, for purposes of this Court's diversity jurisdiction, Enzolytics is either a citizen of Delaware or Texas.

16. Immunotech is a Nevada corporation with its principal place of business in Frisco, Texas.  Complaint, ¶3.

17. Accordingly, for purposes of this Court's diversity jurisdiction, Immunotech is either a citizen of Nevada or Texas.

18. Accordingly, there is complete diversity of citizenship among the parties.

### Timeliness of Removal

19. This Notice of Removal is being filed within thirty (30) days of service and receipt of the Complaint by Defendants and within one (1) year of the commencement of this action, as required by 28 U.S.C. § 1446(b).

### The Amount in Controversy

20. Plaintiff's Complaint alleges that Plaintiff has sustained damages in excess of $100,000,000.  Complaint. ¶¶49, 54, 60, 67, 71, 75.

21. Accordingly, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### Consent

22. As of the date of this filing, all Defendants have been served in this action.

23. When an action is removed based on diversity jurisdiction, all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

24. By and through undersigned counsel, all three Defendants are jointly filing the removal of this action.

### Conclusion

25. Based upon the above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

26. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Superior Court of the State of California, County of Los Angeles.

27. All state-court papers served on Defendants at the time of removal, including the Summons and Complaint, are attached hereto as part of **Exhibit A**.

**WHEREFORE**, Defendants respectfully remove this civil action from the Superior Court of the State of California, County of Los Angeles, to this Court.

DATED:  September 15, 2022        BALLARD SPAHR LLP
                                  Joel E. Tasca
                                  Peng Shao


                                  By:  */s/ Peng Shao*
                                       Peng Shao


                                  Attorneys for Defendants
                                  Harry Zhabilov, Enzolytics, Inc., and
                                  Immunotech Laboratories, Inc.

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 1400, Los Angeles, CA 90067-2915. On September 15, 2022, I served the within documents: **NOTICE OF REMOVAL**

☐ **BY FAX**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY PERSONAL DELIVERY**: by causing personal delivery by First Legal Network of the document(s) listed above to the person(s) at the address(es) set forth below.

☑ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

| | |
|---|---|
| David Pierce<br>Codette Wallace<br>Larry Liu<br>David H. Pierce & Associates, Inc.<br>15260 Ventura Boulevard, Suite 730<br>Sherman Oaks, CA 94103 | *Attorneys for Plaintiff, Elie Sakayan*<br><br>Tel: (818) 826-9403<br>Fax: (818) 826-5486<br>Email: dpierce@dhpierce.com,<br>ewallace@dhpierce.com<br>lliu@dhpierce.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 15, 2022 at Los Angeles, California.

_____
Shari L. Green

DMFIRM #404843422 v3

CERTIFICATE OF SERVICE