# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HARRY ZABILOV, an individual; ENZOLYTICS, INC., a Delaware corporation, IMMUNOTECH LABORATORIES, INC., a Nevada corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIE SAKAYAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT - CENTRAL 111 North Hill Street Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* 22STCV20356 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David H. Pierce, Esq., David H. Pierce & Assoc. PC 15260 Ventura Blvd., #730, Sherman Oaks, CA 91403 (818) 826-5480

| DATE: 06/22/2022 *(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* Clerk, by | R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* IMMUNOTECH LABORATORIES INC. A NEVADA CORPORATION

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☑ by personal delivery on *(date)* 8/24/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

David Pierce (SBN 150231)
Codette Wallace (SBN 116324)
Larry Liu (SBN 175799)
**DAVID H. PIERCE & ASSOCIATES PC**
15260 Ventura Boulevard, Suite 730
Sherman Oaks, CA 91403
Tel: (818) 826-5480
Fax: (818) 826-5486.
Email: dpierce@dhpierce.com, cwallace@dhpierce.com
lliu@dhpierce.com

Attorneys for Plaintiff
ELIE SAKAYAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| ELIE SAKAYAN, | Case No. 22STCV20356 |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **WRONGFUL MERGER**<br>2. **BREACH OF CONTRACT** |
| HARRY ZABILOV, an individual;<br>ENZOLYTICS, INC., a Delaware<br>corporation, IMMUNOTECH<br>LABORATORIES, INC., a Nevada<br>corporation, and DOES 1-50, | 3. **BREACH OF THE IMPLIED**<br>   **COVENANT OF GOOD FAITH AND**<br>   **FAIR DEALING**<br>4. **BREACH OF FIDUCIARY DUTY**<br>5. **FRAUD** |
| Defendants. | 6. **FRAUDULENT TRANSFER**<br>7. **DECLARATORY RELIEF** |

Plaintiff Elie Sakayan ("Sakayan") alleges as follows:

## PARTIES

1.    Sakayan is and at all times alleged herein was an individual residing in Pasadena, California.

2.    Sakayan is informed and believes, and on that basis alleges, that Defendant Enzolytics, Inc. ("Enzolytics") is a Delaware corporation with its principal place of business in Plano, Texas.

- 1 -

3. Sakayan is informed and believes, and on that basis alleges, that Defendant Immunotech Laboratories, Inc. ("Immunotech") is a Nevada corporation with its principal place of business in Frisco, Texas.

4. Sakayan is informed and believes, and on that basis alleges, that Defendant Harry Zhabilov ("Zhabilov") is a resident of Frisco, Texas.

5. The true names and capacities of various other defendants, whether corporate, individual, or otherwise, are at this time unknown to Sakayan, but may include agents, alter egos, directors, employees, joint venturers, officers, partners, or servants of the named defendants. Sakayan will amend this Complaint, if necessary, when the true names, capacities, and actions of these various other defendants, Does 1 to 25, are ascertained. Sakayan is informed and believes, and on that basis alleges, that each of these fictitiously named defendants is responsible in some manner for the events and injuries to Sakayan as alleged herein.

6. The true names and capacities of various other defendants, whether corporate, individual, or otherwise, are at this time unknown to Sakayan, but may include agents, alter egos, directors, employees, joint venturers, officers, partners, or servants of the named defendants. Sakayan will amend this Complaint, if necessary, when the true names, capacities, and actions of these various other defendants, Does 26 to 50, are ascertained. Sakayan is informed and believes, and on that basis alleges that each of these fictitiously named defendants were the agents or co-conspirators of each other and were acting in the course and scope of such agency or conspiracy. These fictitiously named defendants also accepted, approved, directed, or ratified all or part of the wrongful acts of their agents, employees, or co-conspirators alleged herein. Moreover, at the time of the wrongful conduct alleged in this Complaint, each of these fictitiously named defendants was the agent, alter ego, employer, or co-conspirator of the named defendants, and they were acting within the course and scope of said agency, employment, or conspiracy in perpetrating the wrongful conduct alleged herein.

///

///

- 2 -

**JURISDICTION AND VENUE**

7.     Sakayan is informed and believes, and on that basis alleges, that Immunotech was initially incorporate in California on or about December 31, 2007, with its principal place of business in Glendale, California.

8.     Sakayan is informed and believes, and on that basis alleges, that Immunotech acquired International Technology Systems, Inc., a Nevada corporation, on or about December 15, 2008, in a reverse merger with Immunotech being the surviving or successor entity. Following the merger, Immunotech's principal place of business was and remained in Monrovia, California, during all relevant times alleged herein. Immunotech's principal place of business did not change to Frisco, Texas, until after all relevant times alleged herein.

9.     Sakayan is informed and believes, and on that basis alleges, that Enzolytics' principal place of business was and remained in Monrovia, California, during all relevant times alleged herein. Enzolytics' principal place of business did not change to Plano, Texas, until after all relevant times alleged herein, i.e., on or about April 16, 2020.

10.    Sakayan is informed and believes, and on that basis alleges, that Zhabilov was an individual residing in California during all relevant times alleged herein.

11.    The wrongful acts that are subject of this action took place, at least in part, in this judicial district, and the obligations and liabilities that are the subject of this action arose in this judicial district. Accordingly, jurisdiction and venue are appropriate in this judicial district.

**FACTUAL ALLEGATIONS**

**Agreements to Transfer Shares of Immunotech Stock to Sakayan**

12.    On or about November 4, 2008, Sakayan, doing business as Dow Jones Link, entered into a fee agreement with Immunotech whereby Sakayan was to receive a 5% irrevocable interest in Immunotech in exchange for certain services that he agreed to provide the company ("November 2008 Fee Agreement").

13.    On March 17, 2014, Sakayan entered into a settlement agreement with Immunotech whereby Sakayan was promised 40,000,000 shares of Immunotech stock ("March 2014 Settlement Agreement"). Zhabilov signed the 2014 Settlement Agreement.

- 3 -

1    14.     On May 14, 2014, Immunotech agreed to transfer 40,000,000 shares of

2 Immunotech stock to Sakayan in compensation for certain services that Sakayan had rendered

3 ("May 2014 Transfer Agreement"). Zhabilov signed the May 2014 Transfer Agreement.

4    15.     On March 20, 2016, Sakayan entered into a consulting fee agreement with

5 Immunotech whereby Sakayan was to receive a 1% interest in Immunotech which amounted to

6 5,560,252 shares of Immunotech stock in exchange for certain services that Sakayan had rendered

7 ("March 2016 Fee Agreement"). Zhabilov signed the March 2016 Fee Agreement.

8    16.     On March 31, 2016, Billy Ray, Immunotech's Chief Financial Officer, sent an

9 email to Sakayan memorializing an agreement to transfer 250,000 shares of Immunotech stock to

10 Sakayan in exchange for $250 ("March 2016 Purchase Agreement"). Zhabilov approved the

11 March 2016 Purchase Agreement.

12    17.     Yet, despite the plain and unambiguous provisions of the agreements, Sakayan has

13 not received any of the shares promised to him in the March 2014 Settlement Agreement, the

14 May 2014 Transfer Agreement, the March 2016 Fee Agreement, or the March 2016 Purchase

15 Agreement (collectively "Contracts").

16    18.     The Contracts were entered into in California.

17                          **Sakayan's Shares of Immunotech Stock**

18    19.     Pursuant to the November 2008 Fee Agreement and separate purchases of shares

19 of Immunotech stock, Sakayan holds title to the following shares of Immunotech stock:

20

21

| Owner | Certificate No. | Certificate Date | No. of Shares |
|-------|-----------------|------------------|---------------|
| Elie Sakayan | 3056 | April 3, 2014 | 40,000,000 |
| Elie Sakayan | 3058 | May 19, 2014 | 10,000,000 |
| Elie Sakayan | 3109 | December 1, 2014 | 1,219,386 |
| Elie Sakayan | 3116[1] | January 22, 2016 | 525,000 |

26

27    [1] Sakayan purchased shares of Immunotech stock which were originally owned by Carl Ray

28 Davidson, Certificate Nos. 3116 and 3123.

- 4 -

| Elie Sakayan | IB Brokerage Account[2] | March 1, 2016 | 72,600 |
|---|---|---|---|
| Elie Sakayan | 3123[1] | May 11, 2016 | 525,000 |
| Dow Jones Link | 3124 | May 11, 2016 | 45,239 |
| Elie Sakayan | 3130 | August 21, 2017 | 20,000 |
| Elie Sakayan | 3134 | September 19, 2017 | 250,000 |
| **Total** | | | 52,962,780 |

20.    Sakayan acquired the above shares of Immunotech stock while in California.

21.    Further, as alleged above, Immunotech failed to transfer shares of Immunotech stock to Sakayan pursuant to the March 2014 Settlement Agreement, the May 2014 Transfer Agreement, the March 2016 Fee Agreement, and the March 2016 Purchase Agreement. Sakayan is thus entitled to 85,810,252 additional shares of Immunotech stock.

22.    Therefore, Sakayan's ownership in Immunotech is at least 138,773,032 shares. Sakayan also retains a 5% irrevocable interest in Immunotech, not subject to dilution, pursuant to the November 2008 Fee Agreement, and thus, Sakayan is further entitled to any additional shares of Immunotech stock commensurate with that ownership interest.

### Attempted Merger Between Immunotech and Enzolytics

23.    Sakayan is informed and believes, and on that basis alleges, that on or about March 9, 2017, Immunotech entered into a merger agreement with Eco-Petroleum Solutions, Inc. ("ECPO"), a predecessor to Enzolytics, whereby ECPO would acquire all the outstanding shares of Immunotech stock in exchange for shares of ECPO stock.

24.    Sakayan learned about the merger from a company insider and immediately sought more information directly from Immunotech. Sakayan's attorneys repeatedly sent letters to Zhabilov in June 2017 requesting additional information about the merger.

25.    On or about June 22, 2017, Zhabilov represented to Sakayan that "[n]o assets of Immunotech have been transferred to anyone." Sakayan is informed and believes, and on that basis alleges, that this representation was knowingly false when made.

[2] These shares are held in a street name.

- 5 -

26. Subsequently, on or about June 29, 2017, Zhabilov emailed Sakayan stating, "[a]ll these shares or [*sic*] yours in [Immunotech], I am willing to exchange them 1 to 1 to shares of ECPO. Also all your people can exchange thee [*sic*] shares as well." Zhabilov also sent Sakayan a proposed stock agreement to exchange Sakayan's shares of Immunotech stock for shares of ECPO stock.

27. However, before the proposed stock agreement could be signed, on or about January 15, 2018, the merger agreement between Immunotech and ECPO was terminated.

28. Sakayan is informed and believes, and on that basis alleges, that not all provisions of the merger agreement were terminated, and that pursuant to Section 1.03(d)(i) of the merger agreement, Zhabilov was appointed as President and Chairman[3] of ECPO.

29. Sakayan is informed and believes, and on that basis alleges, that ECPO changed its name to Enzolytics on or about March 22, 2022.

30. On April 9, 2018, Sakayan's attorney wrote to Mr. Ray asking that he confirm that Immunotech had not been abandoned. Mr. Ray responded by email that Immunotech had "not been abandoned." Sakayan believed Mr. Ray's representation, and based on it, Sakayan ceased investigating the status of Immunotech's assets. Mr. Ray's representation would turn out to be false. Sakayan is informed and believes, and on that basis alleges, that this representation was knowingly false when made.

31. In or about February 2021, Sakayan learned from a company insider that Immunotech may have entered into a licensing deal with Enzolytics without informing Immunotech's shareholders.

32. On February 16, 2021, Sakayan emailed Zhabilov and others to request a meeting on behalf of Immunotech shareholders to obtain more information about the relationship between Immunotech and Enzolytics. Zhabilov refused to schedule a meeting.

33. On May 11, 2021, Sakayan emailed Zhabilov in an attempt to resolve matters between them. Rather than engage in a discussion with Sakayan, Zhabilov's attorney responded

---

[3] The term "President" and "Chief Executive Officer" appear to have been used interchangeably.

- 6 -

1    to Sakayan's email by directing Sakayan to "cease direct communications to either Harry

2    Zhabilov or Enzolytics."

3        34.    Sakayan has *never* received an answer as to what happened to Immunotech's

4    assets, and Zhabilov has continuously and unlawfully refused to allow Sakayan to inspect

5    Immunotech's books and records.

6                    **Asset Purchase and De Facto Merger by Enzolytics**

7        35.    Sakayan is informed and believes, and on that basis alleges, that on or about

8    March 26, 2018, Immunotech and Enzolytics entered into an asset purchase agreement ("Asset

9    Purchase Agreement") whereby Enzolytics acquired, among other things, the exclusive licensing

10   agreement for a patented immunotherapy treatment for the care of HIV/AIDS and Hepatitis C

11   patients ("Patented Treatment"); a 49% ownership interest in Immunotech Laboratories BG; and

12   all equipment and intellectual property associated with the Patented Treatment.  In exchange,

13   Enzolytics issued shares of Enzolytics stock to Immunotech and assumed certain debts of

14   Immunotech, including $1,550,000 owed to the Zhabilov Trust; $530,000 owed to the Camelot

15   Nevada Trust; $224,469 owed on investor loans; and $282,500 owed on other advances.

16       36.    Sakayan is informed and believes, and on that basis alleges, that shares of

17   Enzolytics stock issued to Immunotech pursuant to the Asset Purchase Agreement were not in

18   fact held by Immunotech or distributed equally to Immunotech's shareholders, but instead, the

19   shares of Enzolytics stock were given directly to Zhabilov and a select few favored shareholders,

20   including Dimitar Savov, an Immunotech shareholder who received 71,900,000 shares of

21   Enzolytics stock, and the Zhabilov Trust, an Immunotech shareholder which received

22   175,000,000 shares of Enzolytics stock and whose trustee is Zhabilov's wife (Diana Zhabilov)

23   and/or daughter (Dannie Zhabilov).

24       37.    Sakayan is informed and believes, and on that basis alleges, that the Patented

25   Treatment was Immunotech's principal asset, and by entering into the Asset Purchase Agreement,

26   Immunotech gave away its only significant asset, leaving an empty husk or shell of a company.

27       38.    Following the Asset Purchase Agreement, Immunotech stopped operating as an

28   ongoing business.  Immunotech has failed to publish an annual or quarterly report or other

- 7 -

1   information disclosure statement since February 3, 2017. In turn, Enzolytics' Quarterly Reports

2   continue to list "Immunotech Laboratories, Inc." as a predecessor to Enzolytics as of September

3   11, 2017. (*See* Enzolytics, Inc., Quarterly Report for the Period Ending: March 31, 2022, at p. 2,

4   https://www.otcmarkets.com/otcapi/company/financial-report/332996/content.)

5   39.   Moreover, Enzolytics' annual and quarterly reports and financial statements fail to

6   show that Enzolytics actually assumed any of Immunotech's debt pursuant to the Asset Purchase

7   Agreement.

8   40.   Thus, Sakayan is informed and believes, and on that basis alleges, that Enzolytics

9   intended to enter the drug development industry for immunotherapies by merging with

10  Immunotech, which was already in that industry. However, when the merger fell through,

11  Enzolytics changed course and pursued a de facto merger to enter that industry by means of the

12  Asset Purchase Agreement.

13  41.   Sakayan is informed and believes, and on that basis alleges, that Zhabilov was

14  President and Chairman of Immunotech in 2017 and 2018. Further, as of December 31, 2016,

15  Zhabilov owned 40,000,000 shares of Immunotech Series A preferred stock (which amounted to

16  66% of such stock issued), 90,000,000 shares of Immunotech Series B preferred stock, and

17  16,678,000 shares of Immunotech common stock. Zhabilov was an officer and director of

18  Immunotech at all relevant times herein.

19  42.   Sakayan is informed and believes, and on that basis alleges, that Zhabilov was

20  President and Sole Director of Enzolytics beginning on March 9, 2017, and in 2018. Further, as

21  of June 18, 2018, Zhabilov owned 4,000,000 shares of Enzolytics Series A preferred stock, which

22  he received on March 13, 2018, near the time of the Asset Purchase Agreement. Zhabilov was an

23  officer and director of Enzolytics at all relevant times herein.

24  43.   Sakayan is informed and believes, and on that basis alleges, that the Asset

25  Purchase Agreement was entered into and/or performed in California.

26  ## FIRST CAUSE OF ACTION

27  **(Wrongful Merger Against Defendants Enzolytics, Immunotech, and Doe Defendants)**

28  44.   Sakayan incorporates by reference paragraphs 1 through 43.

- 8 -

45.     The Asset Purchase Agreement resulted in a de facto merger between Enzolytics and Immunotech. The companies had interlocking directorates and management at the time of the Asset Purchase Agreement, as Zhabilov was President of both companies as well as the Chairman of Immunotech and the Sole Director of Enzolytics. Further, pursuant to the Asset Purchase Agreement, Immunotech gave away its only significant asset, the Patented Treatment, to Enzolytics which then entered the drug development industry for immunotherapies which Immunotech had occupied.

46.     In exchange, Enzolytics issued shares of Enzolytics stock, but these shares were not held by Immunotech or distributed equally to Immunotech's shareholders. Instead, these shares of Enzolytics stock were given directly to Zhabilov and a select few favored shareholders, including Dimitar Savov, an Immunotech shareholder who received 71,900,000 shares of Enzolytics stock, and the Zhabilov Trust, an Immunotech shareholder which received 175,000,000 shares of Enzolytics stock and whose trustee is Zhabilov's wife and/or daughter.

47.     Following the Asset Purchase Agreement, Immunotech stopped operating as an ongoing business.

48.     Sakayan is informed and believes, and on that basis alleges, that the Asset Purchase Agreement and de facto merger of Enzolytics and Immunotech failed to comply with applicable statutory requirements, including but not limited to notice to and approval by shareholders. Further, the de facto merger was the result of self-dealing that only benefited a select few favored Immunotech shareholders to the detriment of other shareholders.

49.     As a proximate result of the wrongful merger, Sakayan has suffered damages including the decreased value of his shares of Immunotech stock since the Asset Purchase Agreement and the lost value of shares of Enzolytics stock that should have been distributed to Immunotech shareholders, in an amount to be proven at trial but not less than $100 million.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against Defendants Enzolytics, Immunotech, and Doe Defendants)

50.     Sakayan incorporates by reference paragraphs 1 through 43.

- 9 -

51. Sakayan has performed all conditions, covenants, and promises required of him under the Contracts.

52. Immunotech has breached the Contracts by failing to issue at least 85,810,252 shares of Immunotech stock to Sakayan.

53. Enzolytics is the successor to Immunotech as the Asset Purchase Agreement resulted in a de facto merger of the two companies. The companies had interlocking directorates and management at the time of the Asset Purchase Agreement, as Zhabilov was President of both companies as well as the Chairman of Immunotech and the Sole Director of Enzolytics. Pursuant to the Asset Purchase Agreement Immunotech gave away its only significant asset, the Patented Treatment, to Enzolytics which then entered the drug development industry for immunotherapies which Immunotech had occupied. In exchange, Enzolytics issued shares of Enzolytics stock which were given to select shareholders of Immunotech stock. Following the Asset Purchase Agreement, Immunotech stopped operating as an ongoing business. As such, Enzolytics is a continuation of Immunotech, and Enzolytics acquisition of Immunotech's assets was a de facto merger that renders Enzolytics responsible for Immunotech's liabilities and obligations.

54. As a proximate result of the foregoing breaches, Sakayan has suffered damages including the lost value of the shares of Immunotech stock that should have been issued to Sakayan and the decreased value of those shares since the Asset Purchase Agreement, in an amount to be proven at trial but not less than $100 million.

## THIRD CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing

### Against Defendants Enzolytics, Immunotech, and Doe Defendants)

55. Sakayan incorporates by reference paragraphs 1 through 43 and paragraphs 50 through 54.

56. Pursuant to the Contracts, Immunotech agreed to issue at least 85,810,252 shares of Immunotech stock to Sakayan.

57. Immunotech breached the Contracts by failing to issue the aforementioned shares of Immunotech stock to Sakayan.

- 10 -

1   58.   Sakayan is informed and believes, and on that basis alleges, that Immunotech

2   breached the implied covenant of good faith and fair dealing because it never intended to issue

3   the aforementioned shares of Immunotech stock to Sakayan.

4   59.   Further, Enzolytics is the successor to Immunotech as the Asset Purchase

5   Agreement resulted in a de facto merger of the two companies. As such, Enzolytics is

6   responsible for Immunotech's liabilities and obligations

7   60.   As a proximate result of the foregoing breaches, Sakayan has suffered damages

8   including the lost value of the shares of Immunotech stock that should have been issued to

9   Sakayan and the decreased value of those shares since the Asset Purchase Agreement, in an

10   amount to be proven at trial but not less than $100 million.

11   ## FOURTH CAUSE OF ACTION

12   ## (Breach of Fiduciary Duty Against Zhabilov and Doe Defendants)

13   61.   Sakayan incorporates by reference paragraphs 1 through 60.

14   62.   Sakayan is informed and believes, and on that basis alleges, that Zhabilov was

15   President and Chairman of Immunotech at all relevant times herein. As an officer and director of

16   Immunotech, Zhabilov owed a duty to Sakayan, as an Immunotech shareholder, to exercise

17   loyalty and good faith in the management and administration of Immunotech.

18   63.   Further, Sakayan is informed and believes, and on that basis alleges, that Zhabilov

19   was President and Sole Director of Enzolytics at all relevant times herein. As an officer and

20   director of Enzolytics, Zhabilov owed a duty to Sakayan, as an Immunotech shareholder, to

21   exercise loyalty and good faith as a result of the de facto merger of Enzolytics with Immunotech.

22   64.   Zhabilov breached his fiduciary duty of loyalty and acted in bad faith in regard to

23   the shareholders of Immunotech stock by, among other things, negotiating, approving, and

24   entering into the Asset Purchase Agreement without notice to Immunotech shareholders and

25   without complying with applicable statutory requirements. The Asset Purchase Agreement was

26   also the result of Zhabilov's self-dealing that only benefited a select few favored Immunotech

27   shareholders, including Zhabilov and his family trust (Zhabilov Trust) to the detriment of other

28

- 11 -

1  shareholders. The Asset Purchase Agreement left Immunotech as an empty husk or shell of a

2  company, again to the detriment to Immunotech shareholders.

3      65.    By the acts, transactions, and course of conduct alleged herein, Zhabilov unfairly

4  deprived Sakayan of the true value inherent in and arising from Immunotech and Enzolytics.

5      66.    As a proximate result of Zhabilov's breach of his fiduciary duties, Sakayan been

6  and will be harmed and has no adequate remedy at law.

7      67.    In addition, as a proximate result of Zhabilov's breach of his fiduciary duties,

8  Sakayan has suffered damages in an amount to be proven at trial but no less than $100 million.

9  <b>FIFTH CAUSE OF ACTION</b>

10  <b>(Fraud Against All Defendants)</b>

11      68.    Sakayan incorporates by reference paragraphs 1 through 49.

12      69.    Sakayan is informed and believes, and on that basis alleges, that Immunotech and

13  Zhabilov purposely mislead, failed to disclose, and kept hidden from Sakayan and other

14  Immunotech shareholders the terms and conditions of the Asset Purchase Agreement in order to

15  perpetuate a fraud on Immunotech shareholders. As a result of the Asset Purchase Agreement,

16  Immunotech was left as an empty husk or shell of a company, without any tangible assets, to the

17  detriment to Immunotech shareholders. Following the Asset Purchase Agreement, Immunotech

18  stopped operating as an ongoing business.

19      70.    Further, Enzolytics is the successor to Immunotech as the Asset Purchase

20  Agreement resulted in a de facto merger of the two companies. As such, Enzolytics is

21  responsible for Immunotech's liabilities and obligations

22      71.    As a proximate result of the fraudulent transfer, Sakayan has suffered damages

23  including the lost value of his shares of Immunotech stock and the decreased value of those

24  shares since the Asset Purchase Agreement, in an amount to be proven at trial but not less than

25  $100 million.

26

27  ///

28  ///

- 12 -

1                             **SIXTH CAUSE OF ACTION**

2                    **(Fraudulent Transfer Against All Defendants)**

3        72.     Sakayan incorporates by reference paragraphs 1 through 49 and paragraphs 68

4 through 71.

5        73.     Sakayan is informed and believes, and on that basis alleges, that Immunotech and

6 Enzolytics fraudulently transferred Immunotech's assets under the Asset Purchase Agreement.

7        74.     Further, Enzolytics is the successor to Immunotech as the Asset Purchase

8 Agreement resulted in a de facto merger of the two companies. As such, Enzolytics is

9 responsible for Immunotech's liabilities and obligations

10      75.     As a proximate result of the fraudulent transfer, Sakayan has suffered damages

11 including the lost value of his shares of Immunotech stock and the decreased value of those

12 shares since the Asset Purchase Agreement, in an amount to be proven at trial but not less than

13 $100 million.

14                           **SEVENTH CAUSE OF ACTION**

15                 **(Declaratory Relief Against All Defendants)**

16        76.     Sakayan incorporates by reference paragraphs 1 through 53.

17        77.     An actual controversy has arisen and now exists between Sakayan and Enzolytics

18 and/or Immunotech concerning their respective rights and obligations, including rights to shares

19 of Enzolytics and/or Immunotech stock, under the Contracts and following the Asset Purchase

20 Agreement.

21        78.     Sakayan desires a judicial determination of his rights and a declaration of the

22 parties' rights and duties under the Contracts and following the Asset Purchase Agreement.

23        79.     A declaration is necessary and appropriate at this time under the circumstances.

24                                **PRAYER**

25      Wherefore, Sakayan prays for judgment against all Defendants as follows:

26        1.     For damages in an amount to be proven at trial but not less than $100 million;

27        2.     For a declaration that Immunotech and/or Enzolytics Immunotech must issue to

28 Sakayan at least 85,810,252 shares of its share of stock;

1    3.    For attorney's fees and costs of suit as allowed by contract or law;

2    4.    For punitive damages as to the second, fifth, and sixth cause of action;

3    5.    For pre-judgment and post-judgment interest as allowed by contract or law; and

4    6.    For all such other and further relief as the Court may deem just and proper.

5

6    Dated: June 22, 2022                              **DAVID H. PIERCE & ASSOCIATES PC**

7

8                                           By:    _____

9                                                  David Pierce
                                                   Codette Wallaace
10                                                 Larry Liu
                                                   Attorneys for Plaintiff
11                                                 ELIE SAKAYAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

**COMPLAINT**

David H. Pierce & Associates PC
15260 Ventura Boulevard, Suite 730, Sherman Oaks, CA 91403

TELEPHONE NO.: 818-826-5480    FAX NO. (Optional): 818-826-5486
ATTORNEY FOR (Name): Plaintiffs, ELIE SAKAYAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Elie Sakayan vs. Harry Zabilov, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22STCV20356<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 7 (please see attachment)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 22, 2022
DAVID H. PIERCE, ESQ.

(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Elie Sakayan vs. Harry Zabilov | |

**ATTACHMENT** *(Number):* 4- C of A

*(This Attachment may be used with any Judicial Council form.)*

4. Causes of Action:  1) Wrongful Merger; 2) Breach of Contract; 3) Breach of the Implied Covenant of Good Faith and Fair Dealing; 4) Breach of Fiduciary Duty; 5) Fraud; 6) Fraudulent Transfer; 7) Declaratory Relief

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (not asbestos or
toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (not civil
harassment) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (not unlawful detainer
or wrongful eviction)
Contract/Warranty Breach–Seller
Plaintiff (not fraud or negligence)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (not provisionally
complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent
domain, landlord/tenant, or
foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(arising from provisionally complex
case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
(not unpaid taxes)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (not specified
above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CIVIL CASE COVER SHEET

| SHORT TITLE: Elie Sakayan vs. Harry Zabilov, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Elle Sakayan vs. Harry Zabilov, et al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Elie Sakayan vs. Harry Zabllov, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Elle Sakayan vs. Harry Zabilov, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| | | | ADDRESS: |
|---|---|---|---|
| **REASON:** | | | 120 West Pomona Avenue |
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | |
| CITY: | STATE: | ZIP CODE: | |
| Monrovia | CA | 91016 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central Judicial _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 22, 2022

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/22/2022 |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV20356 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Lia Martin | 16 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 06/22/2022
　(Date)

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                          (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )
Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )
Date:

➢ _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER · | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11      **STIPULATION – DISCOVERY RESOLUTION**
For Optional Use                                                   Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR_____)

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR_____)

Print     Save

Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

### The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

General Order Re
Use of Voluntary Efficient Litigation
Stipulations

)
)
)
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1   e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a

2       person or entity that receives an electronic filing from a party for retransmission to the Court.

3       In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4       agent of the Court.   (California Rules of Court, rule 2.250(b)(8).)

5   f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of

6       Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7       (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8       2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9       process attached to or logically associated with an electronic record and executed or adopted

10      by a person with the intent to sign the electronic record.

11  g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place

12      in a hypertext or hypermedia document to another in the same or different document.

13  h) **"Portable Document Format"**   A digital document format that preserves all fonts,

14      formatting, colors and graphics of the original source document, regardless of the application

15      platform used.

16  2) MANDATORY ELECTRONIC FILING

17     a) Trial Court Records

18        Pursuant to Government Code section 68150, trial court records may be created, maintained,

19        and preserved in electronic format.  Any document that the Court receives electronically must

20        be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21        official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22     b) Represented Litigants

23        Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24        electronically file documents with the Court through an approved EFSP.

25     c) Public Notice

26        The Court has issued a Public Notice with effective dates the Court required parties to

27        electronically file documents through one or more approved EFSPs.  Public Notices containing

28        effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)     Depositions;

   ii)    Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)    Transcripts (including excerpts within transcripts);

   v)     Points and Authorities;

   vi)    Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1    11) SIGNATURES ON ELECTRONIC FILING

2    For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6         This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019                        KEVIN C. BRAZILE
                                                                   Presiding Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

## THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    ### Mediation may be appropriate when the parties

    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    ### Mediation may not be appropriate when the parties

    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm