UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-6618-MWF (SK) | **Date:** | November 28, 2022 |
| **Title:** | Elie Sakayan v. Harry Zhabilov, et al | | |

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                    Court Reporter:
Rita Sanchez                                     Not Reported

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
None Present                                 None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS' MOTION TO DISMISS [10]

   Before the Court is the Motion to Dismiss ("Motion") filed by Defendants Harry Zhabilov, Enzolytics, Inc., and Immunotech Laboratories, Inc. (collectively, "Defendants") on September 30, 2022.  (Docket No. 10).  Plaintiff Elie Sakayan filed an Opposition on October 17, 2022.  (Docket No. 14).  Defendants filed a Reply on October 24, 2022.  (Docket No. 15).

   The Court has read and considered the Motion and held a hearing on **November 7, 2022.**  At the hearing, both parties submitted on the tentative order.

   The Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- **GRANTED** *without leave to amend* as to the First and Seventh Causes of Action.  Plaintiff fails to identify independent causes of action for wrongful merger and declaratory relief.

- **GRANTED** *with leave to amend* as to the Second and Third Causes of Action against Enzolytics.  Plaintiff fails adequately to allege a successor theory under the *de facto* merger or mere continuation doctrines.

- **GRANTED** *with leave to amend* as to the Fourth, Fifth, and Sixth Causes of Action.  As alleged, Plaintiff lacks standing to bring his claims for breach of fiduciary duty.  Plaintiff's fraud claim against Enzolytics and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-6618-MWF (SK) | **Date:** November 28, 2022 |
| **Title:** Elie Sakayan v. Harry Zhabilov, et al | |

Zhabilov does not include specific enough allegations to satisfy the heightened standard of Rule 9(b).  Plaintiff concedes that he did not adequately plead his claim for fraudulent transfer.

- **DENIED** as to the Second, Third, and Fifth Causes of Action against Immunotech and Plaintiff's prayer for attorneys' fees.  It is not apparent on the face of the Complaint that Plaintiff's breach of contract claim against Immunotech is barred by the statute of limitations.  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is not superfluous because Plaintiff sufficiently alleges unfair dealing by Immunotech.  Plaintiffs claim for fraud against Immunotech satisfies the heightened standard of Rule 9(b).  Plaintiff's prayer for attorneys' fees is adequately related to claims alleging bad faith.

Plaintiff may file a First Amended Complaint, if any, on or before **December 19, 2022**.  Defendants shall respond to the Complaint or First Amended Complaint, if filed, on or before **January 9, 2023**.

## I.   BACKGROUND

Plaintiff commenced this action by filing a Complaint in Los Angeles Superior Court on September 3, 2022.  (Notice of Removal ("NoR") at 1).  Defendants removed the action to this Court on September 15, 2022.  (*Id*. at 4).

Plaintiff is an individual residing in Pasadena, CA, who does business as Dow Jones Link.  (*Id*., Ex. A ("Complaint") ¶¶ 1, 12).

Plaintiff alleges that he was promised shares of stock in Immunotech pursuant to four separate contracts (the "Contracts"):  (1) March 2014 Settlement Agreement, (2) May 2014 Transfer Agreement, (3) March 2016 Fee agreement, and (4) March 2016 Purchase Agreement.  (Complaint ¶¶ 13–17).  Plaintiff alleges he has not received any of the shares promised.  (*Id*. ¶ 17).  Plaintiff alleges that he is entitled to 85,810,252 additional shares of Immunotech.  (*Id*. ¶ 19).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6618-MWF (SK)                              Date:  November 28, 2022
Title:       Elie Sakayan v. Harry Zhabilov, et al

Plaintiff describes a proposed March 2017 merger agreement between Immunotech and Eco-Petroleum Solutions, Inc. (a predecessor to Defendant Enzolytics, Inc.) that was ultimately terminated in January 2018.  (*Id*. ¶¶ 23–27).  Plaintiff alleges that not all provisions of the merger agreement were terminated and pursuant to the agreement Defendant Zhabilov was appointed as President and Chairman of Eco-Petroleum Solutions.  (*Id*. ¶ 28).

Plaintiff alleges that he falsely received assurances from Immunotech's Chief Financial Officer on April 9, 2018, that Immunotech had "not been abandoned."  (*Id*. ¶¶ 16, 30).  Plaintiff alleges that in February 2021, Immunotech entered into a licensing deal with Enzolytics without informing Immunotech's shareholders.  (*Id*. ¶ 31).  In 2021, Plaintiff was refused a meeting to obtain more information about any relationship between Immunotech and Enzolytics and told to cease direct communications with Defendants Zhabilov and Enzolytics.  (*Id*. ¶ 32–33).

Plaintiff alleges that Immunotech and Enzolytics entered into an Asset Purchase Agreement whereby Enzolytics acquired the exclusive licensing agreement for a patented immunotherapy treatment for the care of HIV/AIDS and hepatitis C patients ("Patented Treatment"), a 49% ownership interest in Immunotech Laboratories BG, and all equipment related to the Patented Treatment in exchange for shares of Enzolytics stock and the assumption of certain Immunotech debts, including debts owed to the Zhabilov Trust.  (*Id*. ¶ 35).  Plaintiff alleges the Enzolytics shares were not distributed to Immunotech's shareholders but instead were given to Defendant Zhabilov and others.  (*Id*. ¶ 36).

Plaintiff alleges that Immunotech, having given aways its only significant asset, stopped operating as an ongoing business, though Enzolytics lists "Immunotech Laboratories, Inc." as a predecessor.  (*Id*. at 37–38).  Plaintiff therefore believes Enzolytics pursued a *de facto* merger by means of the Asset Purchase Agreement.  (*Id*. at 40).

Plaintiff's Complaint brings the following seven causes of action:  (1) Wrongful Merger, against Enzolytics and Immunotech (2) Breach of Contract, against Enzolytics

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6618-MWF (SK) | Date: | November 28, 2022 |
| Title: | Elie Sakayan v. Harry Zhabilov, et al | | |

and Immunotech (3) Breach of the Implied Covenant of Good Faith and Fair Dealing, against Enzolytics and Immunotech (4) Breach of Fiduciary Duty, against Zhabilov, (5) Fraud, against all Defendants (6) Fraudulent Transfer, against all Defendants, and (7) Declaratory Relief, against all Defendants.

## II. LEGAL STANDARD

In ruling on a motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-6618-MWF (SK) | Date:  November 28, 2022 |
| Title:      Elie Sakayan v. Harry Zhabilov, et al | |

### III.    DISCUSSION

Through the Motion, Defendants argue that each cause of action should be dismissed.

### A.    Wrongful Merger

Defendants argue that Plaintiff's first cause of action for "wrongful merger" does not exist under California law.  (Motion at 3).  Defendants note that Plaintiff does not identify any statute that Defendants violated or approval requirements Defendants failed to meet.  (*Id*. at 3–4).

Plaintiffs argue that California does recognize the "*de facto* merger" doctrine and the "mere continuation" theory of successor liability.  (Opposition ("Opp.") at 8 (citing *Marks v. Minn. Mining & Mfg. Co.*, 187 Cal.App.3d 1429, 1435 (1986)).

Defendants respond that Plaintiff does not provide anything to suggest that "*de facto* merger" is an independent cause of action.  The Court agrees.

Under California law, successor liability can be imposed following consolidation or merger; this is sometimes called the *de facto* merger exception.  Under this exception, liability can attach "where one corporation takes all of another's assets without providing any consideration that could be made available to meet claims of the other creditors."  *Franklin v. USX Corp.,* 87 Cal.App.4th 615, 626–27, 105 Cal.Rptr.2d 11 (2001).   However, a doctrine of successor liability does not create a separate cause of action, but is merely a theory for imposing liability on a defendant based on a predecessor's conduct.  *See Automotive Indus. Pension Trust Fund v. Ali,* No. C–11–5216, 2012 WL 2911432, *8 (N.D.Cal. July 16, 2012) (holding that, in the context of ERISA, successor liability is not an independent cause of action but simply a theory for imposing liability based on a predecessor's ERISA violation); *Tindall v. H & S Homes, LLC,* No. 5:10–CV–044, 2012 WL 369286, *2 (M.D.Ga. Feb. 3, 2012) (holding that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-6618-MWF (SK) | **Date:** November 28, 2022 |
| **Title:** Elie Sakayan v. Harry Zhabilov, et al | |

"[s]uccessor liability is not a tort [but] an equitable tool used to transfer liability from a predecessor to a successor.").

Therefore, while Plaintiff may use the *de facto* merger theory to apply its adequately pled causes of action against Enzolytics, he cannot raise a claim under the *de facto* merger alone. The situation here is thus similar to the common situation in which a complaint pleads civil conspiracy as a separate claim; civil conspiracy as a tort does not exist under California law, but is instead a theory of vicarious liability.

Accordingly, the Motion is **GRANTED** *without leave to amend* as to the First Cause of Action.

### B.    Breach of Contract

Plaintiff's Second Cause of Action is premised on the allegation that "Immunotech breached the Contracts by failing to issue at least 85,810,252 shares of Immunotech stock" to Plaintiff.  (Complaint ¶ 52).  As defined in the Complaint, "Contracts" refers to the March 2014 Settlement Agreement, the May 2014 Transfer Agreement, the March 2016 Fee Agreement, and the March 2016 Purchase Agreement. (*Id*. ¶ 17).

### 1. Statute of Limitations

Defendants argue that Plaintiff's contract claims are barred by California's statute of limitations.  (Motion at 5 (citing Cal. Code Civ. Proc. § 337(a) (four-year statute of limitations for breach of contract claims)).  Defendants contend the alleged failure to issue stock occurred on the date of the Contracts, over six years before Plaintiff filed his Complaint.  (*Id*. at 5–6).

The statute of limitations is an affirmative defense, Fed. R .Civ. P. 8(c), and complaints do not ordinarily need to allege the non-availability of affirmative defenses. *United States v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir.2004).  Nonetheless, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-6618-MWF (SK) | **Date:** November 28, 2022 |
| **Title:** Elie Sakayan v. Harry Zhabilov, et al | |

face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (*quoting Huynli v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006)). "A cause of action for breach of contract accrues at the time of the breach, which then starts the limitations period running." *Cochran v. Cochran*, 56 Cal.App.4th 1115, 1120, 66 Cal.Rptr.2d 337 (1997); *see also IV Sols., Inc. v. Empire Healthchoice Assur., Inc.*, No. 20-56132, 2021 WL 5492974, at *1 (9th Cir. 2021) (quoting same).

Plaintiff argues that it is not apparent on the face of the Complaint that the statute of limitations began to run more than four years ago because the Complaint "is silent" as to the dates on which the contracts were breached. (Opp. at 10–11).

The Court agrees with Plaintiff that it is premature to decide a statute of limitations defense because the Complaint does not present a facial statute of limitations issue. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). It is not apparent from the face of the Complaint that the breach of the Contracts occurred on the date the Contracts were signed. Moreover, courts in this circuit have refused to dismiss claims where plaintiffs adequately provide notice of the general time-period at issue. *See e.g.*, *Baldain v. Am. Home Mortg. Servicing, Inc.*, No. 09-cv-0931-LKK (GGH), 2010 WL 56143, *4–5 (E.D. Cal. Jan. 5, 2010). Here, the allegations suggest the breach occurred sometime after the Contracts were signed. Reading the Complaint with the required liberality, it appears a breach does not necessarily occur on the date the Contracts between Plaintiff and Immunotech were formed. For instance, Plaintiff received a number of Immunotech stock from the 2008 Fee Agreement years after that contract was signed. (*See* Complaint ¶ 19). At a minimum, while the allegations do not conclusively demonstrate the applicability or non-applicability of the statute of limitations, Plaintiff's allegation provides sufficient notice to Defendants that the statute of limitations may be at issue, and thereby allow Defendants to formulate an answer. *See Baldain*, 2010 WL 56143 at *4–5; *see also Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (the dates of an alleged breach should be obtained through the discovery process).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-6618-MWF (SK) | **Date:** | **November 28, 2022** |
| **Title:** | Elie Sakayan v. Harry Zhabilov, et al | | |

Accordingly, the Motion is **DENIED** as to the Second Cause of Action against Immunotech.

### 2. Enzolytics Liability

Plaintiff alleges that Enzolytics is responsible for Immunotech's liabilities and obligations as the successor to Immunotech. (Complaint ¶ 53). Plaintiff contends that the Asset Purchase Agreement resulted in a *de facto* merger of the two companies. (*Id.*). Plaintiff alleges that the companies had interlocking directorates and management at the time of the Asset Purchase Agreement, as Zhabilov was President of both companies as well as the Chairman of Immunotech and the sole director of Enzolytics. (*Id.*). Plaintiff also alleges that Enzolytics is a continuation of Immunotech. (*Id.*).

Defendants argue that Enzolytics cannot be held liable because it is not a party to any of the contracts. (Reply at 3). Defendants argue that Plaintiffs fail to state a claim against Enzolytics under both the *de facto* merger theory and the mere continuation theory.

#### a. De facto merger

As mentioned above, the doctrine of *de facto* merger is an equitable doctrine that recognizes that successor liability may attach "where one corporation is absorbed by another, but without compliance with the statutory requirements for a merger." *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1233, 1242 n.19 (E.D. Cal. 1997) (citations omitted). California law recognizes that "[a] transaction cast in the form of an asset sale [which] actually achieves the same practical result as a merger will be treated as a merger." *Sterling*, 960 F. Supp. 2d at 1041 (citing Marks *v. Minnesota Mining and Mfg. Co.*, 187 Cal. App. 3d 1429, 1435, 232 Cal. Rptr. 594 (1986)). "When a *de facto* merger is alleged, the court must determine 'the substance of the agreement [regardless of] the title put on it by the parties." *Id.* (quoting *In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution*, 712 F. Supp. 1010 (D. Mass. 1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 22-6618-MWF (SK) | **Date:**  November 28, 2022 |
| **Title:**     Elie Sakayan v. Harry Zhabilov, et al | |

Courts have described five factors which indicate whether a transaction cast in the form of an asset sale actually achieves the same practical result as a merger: (1) was the consideration paid for the assets solely stock of the purchaser or its parent; (2) did the purchaser continue the same enterprise after the sale; (3) did the shareholders of the seller become shareholders of the purchaser; (4) did the seller liquidate; and (5) did the buyer assume the liabilities necessary to carry on the business of the seller? *Marks v. Minnesota Mining & Mfg. Co.*, 187 Cal. App. 3d 1429, 1436, 232 Cal. Rptr. 594 (Ct. App. 1986)

A *de facto* merger requires a showing that the purchaser paid inadequate consideration for the seller's assets. *Sunnyside Dev. Co., LLC v. Opsys Ltd.,* No. C 05 0553 MHP, 2007 WL 2462142, at *6 (N.D. Cal. Aug. 29, 2007) (citing *Franklin v. USX Corp.,* 87 Cal.App.4th 615, 625, 105 Cal.Rptr.2d 11 (2001) ("The crucial factor in determining whether a corporate acquisition constitutes either a *de facto* merger or a mere continuation is the same: whether adequate cash consideration was paid for the predecessor corporation's assets."); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1133 (C.D. Cal. 2015) (a plaintiff does not sufficiently allege successor liability if it pleads no facts demonstrating that any asset transfer was not supported by adequate consideration).

Defendants argue that Plaintiff has not alleged that Enzolytics absorbed all of Immunotech's assets or that Immunotech liquidated. (Motion at 19 (citing *See Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *4 (N.D. Cal. Feb. 11, 2016) ("[T]here are no facts from which the Court can reasonably infer that [the defendant] was liquidated . . . ."). Defendants also argue that Plaintiff has not alleged the Enzolytics provided inadequate consideration to Immunotech under the Asset Purchase Agreement. (*Id.*).

The Court agrees that Plaintiff has not alleged that Enzolytics paid inadequate consideration for the assets purchased from Immunotech. Plaintiff only alleges that "Enzolytics issues shares of Enzolytics stock to Immunotech" in exchange for the listed assets. (Complaint ¶ 35). Plaintiff does not make any allegation about the adequacy of this consideration. Plaintiff does allege, on information and belief, that the shares of Enzolytics issued to Immunotech pursuant to the Asset Purchase

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 9 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-6618-MWF (SK) | **Date:** | November 28, 2022 |
| **Title:** | Elie Sakayan v. Harry Zhabilov, et al | | |

Agreement were not held by Immunotech or distributed equally to Immunotech's shareholders. (*Id.* ¶ 36). While this may give rise to claims against Immunotech or Zhabilov for the Enzolytics shares, it does not suggest that Enzolytics paid inadequate consideration. Plaintiff's claims that are dependent on *de facto* merger must therefore fail because it lacks an allegation of the essential factor of inadequate consideration. *See Franklin v. USX Corp.,* 87 Cal.App.4th 615, 626, 105 Cal.Rptr.2d 11 (2001).

### b. Mere continuation

To find mere continuation, "California courts require evidence of one or both of the following factual elements: (1) a lack of adequate consideration for acquisition of the former corporation's assets to be made available to creditors[;] or (2) one or more persons were officers, directors, or shareholders of both corporations." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004); *Ray v. Alad Corp.,* 19 Cal.3d 22, 29, 136 Cal.Rptr. 574 (1977); *see also Franklin v. USX Corp.,* 87 Cal.App.4th 615, 105 Cal.Rptr.2d 11, 18–19 (2001) (rejecting reliance solely on the second factor and noting that although the California Supreme Court in *Ray* listed the two additional factors in the disjunctive, all of the cases cited by the Supreme Court involved inadequate consideration). Inadequate consideration is an essential ingredient to a finding that one entity is a mere continuation of another. *See Maloney v. Am. Pharm. Co.,* 207 Cal.App.3d 282, 255 Cal.Rptr. 1, 4 (1988) (refusing to find one corporation liable for the debts of another as a successor corporation, even though the second corporation held itself out as a continuation of the first and shared common shareholders, where the second corporation paid adequate consideration for the assets of the first corporation); *cf. Sunnyside Dev. Co., LLC v. Opsys Ltd.*, No. C 05 0553 MHP, 2007 WL 2462142, at *6 (N.D. Cal. Aug. 29, 2007) (failure to prove inadequate consideration is fatal to claims of mere continuation).

Here, Plaintiff satisfies the second factual element of mere continuation by alleging that Zhabilov served in officer positions for both Immunotech and Enzolytics. (Complaint ¶¶ 42). However, as described above, Plaintiff does not make allegations that plausibly suggest that Enzolytics acquired Immunotech's assets for inadequate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-6618-MWF (SK) | **Date:** | November 28, 2022 |
| **Title:** | Elie Sakayan v. Harry Zhabilov, et al | | |

consideration. Plaintiff is therefore missing an "essential ingredient" necessary to adequately allege that Enzolytics is a mere continuation of Immunotech.

Because Plaintiff does not adequately allege a successor theory under the *de facto* merger or mere continuation doctrines, the Motion is **GRANTED *with leave to amend*** as to the Second Cause of Action against Enzolytics.

### C.     Breach of the Implied Covenant of Good Faith and Fair Dealing

In the Third Cause of Action, Plaintiff alleges that Immunotech breached the implied covenant of good faith and fair dealing with respect to the Contracts because Immunotech "never intended to issue the aforementioned shares of Immunotech to [Plaintiff]." (Complaint ¶¶ 55–60).

Defendants argue that this is a mere duplication of the Second Cause of Action and should be dismissed. (Motion at 6 (citing *JH Kelly, LLC v. Aecom Tech. Servs.*, No. 20-cv-05381-HSG, 2022 WL 195648, at *7 (N.D. Cal. Jan. 21, 2022) (where breach of an actual term of the contract is alleged, a separate implied covenant claim, based on the same breach, is superfluous))).

Plaintiff argues that the Third Cause of Action is not superfluous because Plaintiff alleges that Defendants acted in bad faith to frustrate the contract's benefits. (Opposition at 13–14 (citing *Celador Int'l, Ltd. V. Walt Disney Co.*, 347 F.Supp.2d 846, 852–853 (C.D. Cal. 2004))).

Under California law, where a plaintiff's allegations of breach of the covenant of good faith rely on the same facts and seek the same damages or relief already claimed in a companion contract cause of action, they can be regarded as superfluous. *Stonesville USA, Inc. v. Pental Granite and Marble, Inc.,* No. 2:12–cv–4962–ODW, 2012 WL 4107863, *4 (C.D. Cal. Sept. 18, 2012). "Breach of the implied duty of good faith and fair dealing involves something more than breach of the contractual duty itself," it involves unfair dealing that frustrates and disappoints the reasonable expectations of the other party. *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F.Supp.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6618-MWF (SK)          Date:  November 28, 2022
Title:     Elie Sakayan v. Harry Zhabilov, et al

846, 852 (C.D.Cal.2004). One way to demonstrate "something more" is to plead facts showing that the defendant breached a contract in bad faith. *City of Los Angeles by & through Dep't of Water & Power v. Asplundh Constr. Corp.*, No. 12-cv-06057-MMM (VBKx), 2012 WL 12941957, at *3 (C.D. Cal. Nov. 15, 2012). A theory of bad-faith breach will survive if plaintiff shows that the defendant undertook a conscious and deliberate act to deprive plaintiff of the benefits of the agreement. *Id*.

Plaintiff sufficiently alleges a separate claim for breach of the implied covenant of good faith here. Plaintiff contends that Immunotech "never intended to issue the aforementioned shares of Immunotech stock." (Complaint ¶ 58). Accepting Plaintiff's allegations as true, the Court concludes that Plaintiff has sufficiently alleged unfair dealing by Immunotech that frustrates and disappoints the reasonable expectations of the parties' agreements.

Accordingly, the Motion as to Plaintiff's Third Cause of Action is **DENIED**.

However, as discussed above, because Plaintiff does not sufficiently allege a successor theory of liability under the *de facto* merger or mere continuation doctrines, the Motion is **GRANTED** *with leave to amend* as to the Third Cause of Action against Enzolytics.

### D.     Breach of Fiduciary Duty

In the Fourth Cause of Action, Plaintiff alleges that Zhabilov owed Plaintiff a duty to exercise loyalty and good faith. (Complaint ¶¶ 61–67). First, Plaintiff alleges that as President and Chairman of Immunotech, Zhabilov owed a fiduciary duty due to Plaintiff as an Immunotech shareholder. (Complaint ¶ 62). Plaintiff alleges that Zhabilov entered into the Asset Purchase Agreement without notice to Immunotech shareholders, without complying with applicable statutory requirements, and to the benefit of only a select few Immunotech shareholders including Zhabilov and his family trust. (Complaint ¶ 64). Second, Plaintiff alleges that as an officer and director of Enzolytics, Zhabilov owed a fiduciary duty to Plaintiff as an Immunotech shareholder. (Complaint ¶ 63).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-6618-MWF (SK)　　　　　　　　Date: November 28, 2022
Title:　　Elie Sakayan v. Harry Zhabilov, et al

### 1. Breach as President and Chairman of Immunotech

As a Nevada corporation, Immunotech's internal affairs are governed by Nevada law. *See Shaffer v. Heitner,* 433 U.S. 186, 215 n. 44 (1977).

Defendants argue that Plaintiff lacks standing to bring the breach of fiduciary duty claim because Plaintiff's claims are derivative, and Plaintiff failed to make the requisite demand on the Immunotech board prior to bringing the derivative claim. (Motion at 9–10 (citing *Parametric Sound Corp. v. Eighth Judicial Dist. Court of Nev.,* 133 Nev. 417, 423 (2017)).

Plaintiff argues that his claim is an "equity expropriation" claim which Nevada law permits Plaintiff to maintain as a direct action for breach of fiduciary duty. (Opposition at 15–16 (citing *Parametric Sound Corp.,* 133 Nev. at 429)).

In their Reply, Defendants argue Plaintiff did not couch his complaint in terms of equity expropriation and that corporation overpayment/dilution claims are exclusively derivative, not direct. (Reply at 6–7).

"A derivative claim is one brought by a shareholder on behalf of the corporation to recover for harm done to the corporation." *Parametric Sound Corp. v. Eighth Judicial Dist. Court of Nev.,* 133 Nev. 417, 423 (2017). A shareholder must make a demand on the board of directors to address the shareholder's claims prior to bringing a derivative action or demonstrate that such a demand is futile. *Id. (citing Shoen v. SAC Holding Corp.*, 122 Nev. 621, 633 (2006)); *see* NRS 41.520(2); NRCP 23.1. In general, a corporate director or officer owes fiduciary duties to the corporation, not the shareholders, and the shareholders may enforce the fiduciary duties through derivative actions. *Parametric Sound Corp.*, 133 Nev. at 421, n.10. (*citing N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007)). General language concerning fiduciary duty owed to shareholders by directors does not support a direct action. *Id. (quoting Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559-60 (Tenn. 1990); *see also* NRS 78.138(1), (4)-(5)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6618-MWF (SK)                              Date:  November 28, 2022
Title:     Elie Sakayan v. Harry Zhabilov, et al

    To distinguish between direct claims and derivative claims, Nevada courts consider only (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually). *Id*. at 427. In answering the first question—who suffered the harm—the relevant inquiry is: "Looking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation?" *Id*. at 426 (internal quotes omitted). In answer the second question, the inquiry is, if the plaintiff prevails, will the recovery benefit the corporation or the shareholders individually? *Id.*

    Relying on a Delaware case which has since been overturned, the Nevada Supreme Court held that "equity expropriation" claims have a dual nature, being both direct and derivative shareholder claims. *Id.* at 429 (citing *Gentile v. Rossette*, 906 A.2d 91, 99 (Del. 2006), *overruled by Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251 (Del. 2021)). Equity expropriation claims involve a controlling shareholder's or director's expropriation of value from the company, causing other shareholders' equity to be diluted. *Id.* The Nevada Supreme Court ultimately declined to consider whether shareholders could adequately plead such a claim, because the shareholders had not couched their complaint in terms of equity expropriation. *Id.*

    Here, Plaintiff has similarly not couched their complaint in terms of equity expropriation. The Ninth Circuit has affirmed dismissal of an equity expropriation claim where a shareholder failed to allege that individual directors issued excessive shares of its stock in exchange for lower-valued assets or that the company was owed any further financing. *Compartment IT2, LP v. Fir Tree, Inc.*, 773 F. App'x 980, 981 (9th Cir. 2019). There, the Ninth Circuit held that because the shareholder did not allege that grants of stock constituted an overpayment, dismissal was appropriate. *Id.* Plaintiff does not allege Immunotech's grant of stock was an overpayment, Plaintiff instead alleges that the Asset Purchase Agreement was the result of Zhabilov's self-dealing that only benefited a select few Immunotech shareholders to the detriment of other shareholders. (Complaint ¶ 64). Plaintiff has therefore not adequately alleged an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6618-MWF (SK) | Date: | November 28, 2022 |
| Title: | Elie Sakayan v. Harry Zhabilov, et al | | |

"equity expropriation" claim and does not raise other arguments to establish standing to bring a breach of fiduciary duty claim. Further, the alleged harm seems to deprive value to the entire corporation, not just Plaintiff as an individual shareholder, suggesting Plaintiff's claim is derivative.

Additionally, Plaintiff does not make any allegations that a demand on the Immunotech's Board of Directors would be futile.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to the Fourth Cause of Action with regard to Zhabilov's role with Immunotech.

At the hearing, counsel for Plaintiff asked if the Court was making a determination on whether the Nevada Supreme Court would adopt the holding of *Brookfield Asset*. As discussed, the Delaware Supreme Court's recent ruling in *Brookfield Asset* overturned its previous ruling in *Gentile* which the Nevada Supreme Court relied on in *Parametric*. The Court agrees it is difficult to know how the Nevada Supreme Court would weigh *Brookfield Asset* and welcomes briefing in future motions on whether *Parametric* has been called into doubt.

### 2. Breach as Director of Enzolytics

As a Delaware corporation, Enzolytics's internal affairs are governed by Delaware law. *See Shaffer,* 433 U.S. at 215 n. 44 (1977).

Pursuant to Delaware law, to state a claim for breach of fiduciary duty, a plaintiff must prove: "(1) that a fiduciary duty existed and (2) that the defendant breached that duty." *Beard Rsch., Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch.), aff'd sub nom. *ASDI, Inc. v. Beard Rsch., Inc.*, 11 A.3d 749 (Del. 2010) (*citing ZRii, LLC v. Wellness Acq. Gp., Inc.*, 2009 WL 2998169, at *11 (Del.Ch. Sept. 21, 2009)).

Defendant argues that Zhabilov, as a director or officer of Enzolytics, did not owe a duty to Immunotech's shareholders. (Motion at 8). Plaintiff did not address this argument in his Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-6618-MWF (SK)        Date:  November 28, 2022
Title:  Elie Sakayan v. Harry Zhabilov, et al

The Court agrees that Plaintiff does not allege that Zhabilov, as President and sole director of Enzolytics, has a legal duty to Plaintiff. Accordingly, the Motion is **GRANTED** *with leave to amend* as to the Fourth Cause of Action with regard to Zhabilov's role with Enzolytics.

### E.     Fraud

In the Fifth Cause of Action, Plaintiff alleges that Immunotech and Zhabilov "purposely mislead, failed to disclose, and kept hidden from Sakayan and other Immunotech shareholders the terms and conditions of the Asset Purchase Agreement in order to perpetuate a fraud on Immunotech shareholders." (Complaint ¶ 69). Plaintiff asserts that Immunotech was left as an empty husk or shell of a company, without any tangible assets, to the detriment to Immunotech shareholders. *Id*.

Fraud allegations are governed by Rule 9(b). *See* Fed. R. Civ. P. 9(b). Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id*. (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Defendants argue that Plaintiff does not identify when any fraudulent misconduct took place or any basis for the proposition that disclosure of the Asset Purchase Agreement was necessary. (Motion at 12). Defendants argue that the vague assertions in paragraph 69 of the Complaint are insufficient to demonstrate the specific content of the false representations. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-6618-MWF (SK) | Date: November 28, 2022 |
| Title: Elie Sakayan v. Harry Zhabilov, et al | |

Plaintiff contends that he includes sufficiently specific allegations of misrepresentations in paragraphs 25 and 30 of the Complaint. (Opposition at 19).

Defendant argues that neither paragraph provides facts to support the fraud allegation that Immunotech and Zhabilov "purposely misled, failed to disclose, and kept hidden . . . the terms and conditions of the Asset Purchase Agreement." (Reply at 7–8 (citing Complaint ¶ 69)).

Paragraph 25 points to a representation made by Zhabilov on June 22, 2017, that "no assets of Immunotech assets have been transferred to anyone." This representation seems to be true as it occurred before the March 26, 2018, Asset Purchase Agreement. The Court therefore agrees that this allegation does not sufficiently include specific content of a false representation.

Paragraph 30 refers to a 2018 representation made by Billy Ray, Immunotech's Chief Financial Officer, to Plaintiff's attorney that Immunotech "had not been abandoned." Plaintiff alleges that despite this assurance Immunotech was left as an empty husk or shell of a company; had stopped operating as an ongoing business following the Asset Purchase Agreement; and had failed to publish an annual or quarterly report or other information disclosure statement since February 3, 2017. (Complaint ¶ 38). Plaintiff alleges that he relied on Mr. Ray's representation, and based on it, ceased investigating the status of Immunotech's assets. (*Id*. ¶ 30).

Defendants argue that the statement is not attributable to Enzolytics, Immunotech, or Zhabilov and that the Complaint lacks any facts to suggest that this statement is false or that Plaintiff was damaged by relying on the statement. (Reply at 8). However, Plaintiff alleges that Billy Ray is Immunotech's Chief Financial Officer, and Defendant does not provide any authority suggesting the statement of a CFO cannot be attributable to his company. Plaintiff also alleges that the statements were false (Complaint ¶ 30) specifically because Immunotech stopped operating as a business following the Asset Purchase Agreement. (*Id*. ¶ 38). Finally, Plaintiff alleges that if not for Mr. Ray's misrepresentation, he would have continued to investigate the status of Immunotech's assets. (*Id*.). The Court therefore determines that these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6618-MWF (SK) | Date: | November 28, 2022 |
| Title: | Elie Sakayan v. Harry Zhabilov, et al | | |

allegations satisfy the heightened standard of Rule 9(b), as they are specific enough to permit Defendants to defend against the charge.

Accordingly, the Motion is **DENIED** as to the Fifth Cause of Action against Immunotech.

The Motion is **GRANTED** *with leave to amend* as to the Fifth Cause of Action against Enzolytics and Zhabilov.

### F. Fraudulent Transfer

In the Sixth Cause of Action, Plaintiff alleges that Immunotech and Enzolytics fraudulently transferred Immunotech's assets under the Asset Purchase Agreement. (Complaint ¶ 73).

Defendant argues that the Sixth Cause of Action should be dismissed because (1) Plaintiff lacks standing to pursue this fraudulent transfer claim; (2) Plaintiff does not seek a cognizable remedy for common-law fraudulent transfer and (3) Plaintiff has failed to satisfy the heightened pleading requirement of Rule 9(b). (Motion at 13).

#### 1. Standing to bring a common law fraudulent transfer claim

In California, a cause of action for common-law fraudulent transfer survives alongside the statutory remedies available in California. *Airborne Am., Inc. v. Kenway Composites*, 554 F. Supp. 3d 1066, 1073 (S.D. Cal. 2021). California common law has an additional requirement that the creditor "have a specific lien on the property or . . . prosecute[] his claim to judgment." *Id.* (*citing In re Kalt's Estate*, 16 Cal. 2d 807, 811 (1940)); *see also Moore v. Schneider*, 196 Cal. 380, 387 (1925) (it is "universally held" that for a creditor to have a claim for fraudulent conveyance, it must hold a lien on the property or reduce its claim to judgment). California law also requires that the creditor must also "have a specific lien on the property or . . . prosecute[] his claim to judgment." *Id.*; *see also Wisden v. Super. Ct.*, 124 Cal. App. 4th 750, 759 (2004) ("[P]rior to the passage of the UFTA and its predecessor statute, it was necessary for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 22-6618-MWF (SK) | **Date:** | **November 28, 2022** |
| **Title:** | Elie Sakayan v. Harry Zhabilov, et al | | |

creditor to obtain a judgment, or a specific lien on the property, before an action could be brought to set aside a fraudulent transfer.").

Plaintiff conceded that he did not allege that he is a creditor and requested leave to amend. (Opposition at 19).

Accordingly, the Motion is **GRANTED** *with leave to amend* as to the Sixth Cause of Action.

### G. Declaratory Relief

Plaintiff concedes that under federal law declaratory relief is not a cause of action, but a remedy. (Opposition at 20 (citing *Grisby v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 63057, *32 (C.D. Cal. Apr. 12, 2018)).

Accordingly, the Motion is **GRANTED** *without leave to amend* as to the Seventh Cause of Action.

### H. Attorneys' Fees

In the prayer for relief, Plaintiff requests judgment for "attorney's fees and costs of suit as allowed by contract or law." (Complaint at 14). Defendant argues that Plaintiff's request should be dismissed because Plaintiff does not identify any statute or contractual provision to warrant the imposition of attorneys' fees against Defendants.

Under the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees. *Miller-Wohl Co., Inc. v. Commissioner of Labor and Industry,* 694 F.2d 203, 204 (9th Cir.1982). However, a court may assess attorneys' fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 22-6618-MWF (SK) | **Date:** November 28, 2022 |
| **Title:** | Elie Sakayan v. Harry Zhabilov, et al | |

Here, because Plaintiff has live claims that allege that Defendant acted in "bad faith," it is not appropriate to dismiss the requested relief. Accordingly, the Motion is **DENIED** as to Plaintiff's request for attorneys' fees.

## IV.   CONCLUSION

The Motion is **GRANTED** *without leave to amend* as to the First and Seventh Causes of Action.

The Motion is **GRANTED** *with leave to amend* as to the Second and Third Causes of Action against Enzolytics, the Fifth Cause of Action against Enzolytics and Zhabilov, and the Fourth and Sixth Causes of Action.

The Motion is **DENIED** as to the Second, Third, and Fifth Causes of Action against Immunotech and Plaintiff's prayer for attorneys' fees.

Plaintiff may file a First Amended Complaint, if any, on or before **December 19, 2022**.  Defendants shall respond to the Complaint or First Amended Complaint, if filed, on or before **January 9, 2023**.

IT IS SO ORDERED.