BALLARD SPAHR LLP
Joel E. Tasca (Cal. Bar No. 344697)
tasca@ballardspahr.com
Peng Shao (Cal. Bar No. 319624)
shaop@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400;
Facsimile:  424.204.4350

GARIBIAN LAW OFFICES, P.C.
Antranig Garibian (*admitted pro hac vice*)
ag@garibianlaw.com
261 Old York Road, Unit 427
Jenkintown, PA 19046
Telephone: 215.326.9179
*Attorneys for All Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIE SAKAYAN, an individual,<br><br>                    Plaintiff,<br><br>       v.<br><br>HARRY ZABILOV, an individual;<br>ENZOLYTICS, INC., a Delaware<br>corporation, IMMUNOTECH<br>LABORATORIES, INC., a Nevada<br>corporation, and DOES 1-50<br><br>                    Defendants. | Case No. 2:22-cv-06618-MWF-SK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>[Statement of Uncontroverted Facts and Conclusions Of Law; Declarations of Charles S. Cotropia, Harry Zhabilov, and Peng Shao; [Proposed] Order filed concurrently herewith.]<br><br><br>Date:       April 8, 2024<br>Time:      10:00 a.m.<br>Place:     Courtroom 5A |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE,** and notice is hereby given that on April 8, 2024 at 10:00 a.m., or as soon thereafter as this matter can be heard, in Courtroom 5A of the above-captioned Court, located at First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendants Harry Zhabilov ("Zhabilov"), Enzolytics, Inc. ("Enzolytics"), and Immunotech Laboratories, Inc. ("Immunotech") (collectively "Defendants") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 56(a), for an order granting summary judgment in favor of Defendants and against Plaintiff Elie Sakayan ("Sakayan" or "Plaintiff").

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 12, 2024.  (Declaration of Peng Shao, ¶4). The various grounds for this Motion were discussed.  (*Id.* at ¶5).

Defendants' motion will be based upon this Notice of Motion and Motion for Summary Judgment, the Memorandum of Points and Authorities served herewith, the Separate Statement of Undisputed Material Facts, Declarations of Harry Zhabilov and Charles S. Cotropia and accompanying exhibits, any reply brief submitted by Defendants, arguments and evidence submitted at any hearing on this Motion, the pleadings on file herein, and any other material the Court deems appropriate for consideration.

DATED:  February 23, 2024          BALLARD SPAHR LLP
                                   Joel E. Tasca

---

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Peng Shao

By:  /s/ Peng Shao
      Peng Shao

GARIBIAN LAW OFFICES, P.C.
Antranig N. Garibian (*admitted pro hac vice*)

*Attorneys for Defendants*
*Harry Zhabilov, Enzolytics, Inc., and*
*Immunotech Laboratories, Inc..*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................1

    1.   CLAIMS ASSERTED ...........................................................1

    2.   SUMMARY OF ARGUMENTS ............................................2

II.    STATEMENT OF FACTS ............................................................3

    1.   PLAINTIFF RECEIVED ALL IMMUNOTECH STOCK
       OWED...................................................................................3

       a.   2014 Agreements ......................................................4
       b.   2016 Agreements ......................................................4

    2.   PLAINTIFF SUED THE WRONG ENZOLYTICS. ..............5

III.   SUMMARY JUDGMENT STANDARD ......................................6

IV.    ARGUMENT ..................................................................................7

    3.   DEFENDANTS ARE ENTITLED TO SUMMARY
       JUDGMENT ON THE FIRST CAUSE OF ACTION
       (BREACH OF CONTRACT) AND SECOND CAUSE OF
       ACTION (IMPLIED COVENANT OF GOOD FAITH AND
       FAIR DEALING). .................................................................7

       a.   Plaintiff's Breach of Contract Claims and Breach of
          Implied Covenant Claims for the March 2014
          Agreement, the May 2014 Agreement and the March
          2016 Purchase Agreement are Barred by the Statute of
          Limitations. ..............................................................7
       b.   The Claims for Breach of the 2014 Agreements Fail
          Because Plaintiff Received the Promised Shares. .....9
       c.   Plaintiff Also Failed to Perform Under the 2016
          Agreements. ............................................................10
       d.   Ray Was Not the CFO and Did Not Have Authority to
          Bind Immunotech to the March 2016 Purchase
          Agreement................................................................11
    4.   ZHABILOV IS ENTITLED TO SUMMARY JUDGMENT ON
       THE THIRD CAUSE OF ACTION (BREACH OF
       FIDUCIARY DUTY). .........................................................12

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

        a.      Plaintiff Lacks Standing. ...........................................................12

        b.      Plaintiff's Breach of Fiduciary Duty Claim Fails as a
                    Matter of Law. ...................................................................14

5.     DEFENDANTS ARE ENTITLED TO SUMMARY
       JUDGMENT ON THE FOURTH CAUSE OF ACTION
       (FRAUD)..................................................................................16

        a.      Plaintiff's Fraud Allegations Do Not Satisfy Rule 9(b). ..........16

        b.      Other Essential Elements of Plaintiff's Fraud Claim Also
                    Fail. ..................................................................................17

6.     ENZOLYTICS IS NOT THE ENTITY WHO ENTERED
       INTO THE TRANSACTIONS REFERENCED IN THIS
       ACTION...................................................................................19

7.     DEFENDANTS ARE ENTITLED TO SUMMARY
       JUDGMENT ON ALL OF PLAINTIFF'S DERIVATIVE
       CLAIMS DUE TO PLAINTIFF'S FAILURE TO COMPLY
       WITH FRCP 23.1. ...................................................................20

**V.    CONCLUSION ........................................................................21**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balint v. Carson City*,
  180 F.3d 1047 (9th Cir 1999)...........................................................................4

*Bayberry Assocs. v. Jones*,
  783 S.W.2d 553 (Tenn. 1990)..........................................................................10

*Beckwith v. Dahl*
  (2012) 205 Cal.App.4th 1039...........................................................................15

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001)..........................................................................14

*Brown v. Dillard's, Inc.*,
  430 F.3d 1004 (9th Cir. 2005).............................................................................7

*Building Permit Consultants, Inc. v. Mazur*
  (2004) 122 Cal.App.4th 1400...........................................................................15

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .......................................................................................3, 4

*Cochran v. Cochran*,
  56 Cal.App.4th 1115 (1997)................................................................................5

*Colaco v. Cavotec SA*,
  25 Cal. App. 5th 1172 (2018)..............................................................................7

*Corbrus, LLC v. 8th Bridge Capital, Inc.*,
  No. 2:19-cv-10182-CAS(AFMx), 2021 U.S. Dist. LEXIS 124506
  (C.D. Cal. July 1, 2021).......................................................................................7

*Gentile v. Rossette*,
  906 A.2d 91 (Del. 2006), *overruled by Brookfield Asset Mgmt.,*
  *Inc. v. Rosson*, 261 A.3d 1251 (Del. 2021) .........................................................11

*Guzman v. Johnson*,
  483 P.3d 531 (Nev. 2021)............................................................................12, 13

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

*IV Sols., Inc. v. Empire Healthchoice Assur., Inc.*,
   No. 20-56132, 2021 U.S. App. LEXIS 34816, 2021 WL 5492974
   (9th Cir. 2021) ............................................................................................ 5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................ 14

*Marshak v. Ballesteros*
   (1999) 72 Cal.App.4th 1514 .................................................................... 15

*Mazal Grp., LLC v. Barak*,
   No. CV 18-4983-DMG (FFM), 2019 U.S. Dist. LEXIS 166472
   (C.D. Cal. June 17, 2019) .......................................................................... 4

*N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*,
   930 A.2d 92 (Del. 2007) ............................................................................ 9

*Oasis W. Realty, LLC v. Goldman*,
   51 Cal. 4th 811 (2011) .............................................................................. 4

*Parametric Sound Corp. v. Eighth Judicial Dist. Court of Nev.*,
   133 Nev. 417 (2017) ................................................................. 12, 13, 14

*Pry Corp. of Am. v. Leach*,
   177 Cal. App. 2d 632 (1960) .................................................................... 7

*Rajamadam C. Venkatraman v. Bank of N.Y. Mellon*,
   No. 19-CV-01386-LHK, 2019 U.S. Dist. LEXIS 244171 (N.D.
   Cal. Dec. 17, 2019) .................................................................................... 6

*Service by Medallion, Inc. v. Clorox Co.*
   (1996) 44 Cal.App.4th 1807 .................................................................... 15

*Stansfield v. Starkey*
   (1990) 220 Cal.App.3d 59 ...................................................................... 15

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .................................................................. 14

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
   (1991) 2 Cal.App.4th 153 ........................................................................ 15

*Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*
   845 A.2d 1031 (Del. 2003) ...................................................................... 11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
  865 F.2d 1539 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51,
  107 L. Ed. 2d 20 (1989)...................................................................................4

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ......................................................................14

*Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*,
  133 Nev. 369, 399 P.3d 334 (2017)..............................................................12

*Wynn Resorts v. Eighth Judicial Dist. Court of Nev.*,
  136 Nev. 896, 467 P.3d 637 (2020)..............................................................11

**Statutes**

Cal. Civ. Proc. Code § 337(a) ............................................................................4

Delaware General Corporate Law Section 251(g) ...............................................16

NRS 78.138(1) ..................................................................................................10

NRS 78.138(4)-(5) ...........................................................................................10

NRS 78.138(7) ..................................................................................................12

**Other Authorities**

18B Am. Jur. 2d Corporations § 1451 (2016) .....................................................12

Fed. R. Civ. P. 9(b) ..........................................................................................13

Fed. R. Civ. P. 23.1 ...................................................................................2, 3, 17

Fed R. Civ. P. 56(c) ...........................................................................................3

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

v

I. **INTRODUCTION**

Plaintiff, Elie Sakayan ("Sakayan" or "Plaintiff") filed this action against Defendants Harry Zhabilov ("Zhabilov"), Enzolytics, Inc. ("Enzolytics"), and Immunotech Laboratories, Inc. ("Immunotech") (collectively "Defendants").

In short, Plaintiff is a shareholder of Immunotech, a Nevada biotech company that owns a patented immunotherapy for treatment of HIV/AIDS and hepatitis C. Defendant Zhabilov is the CEO of Immunotech. Plaintiff allegedly suffered damages as a result of not being issued shares of stock in Immunotech pursuant to a series of contracts from 2014 to 2016.

Specifically, Plaintiff's asserts that he owns approximately 52 million shares of Immunotech, but is actually entitled to ~85 million *additional* shares that were never issued and over $100 million in damages. Plaintiff also claims that Defendants committed fraud and breached their fiduciary duties relating to an Asset Purchase Agreement that was actually a *de facto* merger between Immunotech and Enzolytics.

This is factually false and legally insufficient. As explained further below, Plaintiff indeed received all shares of Immunotech stock that he was entitled to, and his claims for Breach of Fiduciary Duty and Fraud fail as a matter of law.

1. **CLAIMS ASSERTED**

Plaintiff's First Amended Complaint ("FAC") contains four Causes of Action: first is a Breach of Contract claim against Defendants Enzolytics and Immunotech ("Corporate Defendants") for failing to issue ~85 million additional shares of Immunotech stock to Plaintiff; second is a Breach of Implied Covenant of Good Faith and Fair Dealing claim against the Corporate Defendants for the same ~85 million Immunotech shares; third is a Breach of Fiduciary Duty claim against Zhabilov for an Asset Purchase Agreement between the Corporate Defendants; fourth is a Fraud claim against all Defendants based on the same Asset Purchase Agreement. (FAC, ¶¶ 61–84). Defendants request summary judgment on all claims.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

1

## 2.    SUMMARY OF ARGUMENTS

Plaintiff's First Cause of Action (Breach of Contract) <u>and</u> Second Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing) should be dismissed because:

1) <u>Statute of Limitations</u> – the claims for breach of the March 2014 Settlement Agreement, the May 2014 Transfer Agreement, and the March 2016 Purchase Agreement are barred by the applicable statute of limitations.

2) <u>Shares were received</u> – Plaintiff cannot show a breach of the March 2014 Settlement Agreement and the May 2014 Transfer Agreement because Plaintiff actually received the promised shares.

3) <u>Non-performance</u> – Plaintiff cannot show a breach of the March 2016 Fee Agreement or the March 2016 Purchase Agreement because Plaintiff has not alleged, nor can Plaintiff show, that Plaintiff performed under either agreement.

4) <u>Billy Ray</u> – Plaintiff cannot bring a claim against Immunotech for breach of the March 2016 Purchase Agreement because Billy Ray has never been the CFO of Immunotech, and cannot enter into contracts on Immunotech's behalf.

Plaintiff's Third Cause of Action (Breach of Fiduciary Duty) should be dismissed because:

1) <u>No Standing</u> – Zhabilov owes no fiduciary duty to Plaintiff.

2) <u>Legal failure</u> – Essential elements of Plaintiff's breach of fiduciary duty claim fail under Nevada law.

///
///
///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

2

Plaintiff's Fourth Cause of Action (Fraud) should be dismissed because:

1) <u>No requisite particularity</u> – Plaintiff's fraud allegations have not been plead with the requisite particularity, and have no evidentiary support.

2) <u>Legal Failure</u> – Essential elements of Plaintiff's fraud claim fail under California law.

Furthermore, all of Plaintiff's claims against Enzolytics should be dismissed because Enzolytics is not the right party.  Instead, Enzolytics's subsidiary–Robustomed, Inc. ("Robustomed")–is the entity that was actually party to the Asset Purchase Agreement. Thus, even *if* Plaintiff was successful in showing that the Asset Purchase Agreement was a *de facto* merger, or that Robustomed. was a mere continuation of Immunotech, Plaintiff simply sued the wrong party when he sued Enzolytics.

Finally, the FAC should be dismissed to the extent it purports to be a derivative complaint, as Plaintiff has not complied with Fed. R. Civ. P. 23.1 with respect to derivative complaints.

## II.  <u>STATEMENT OF FACTS</u>

### 1.  PLAINTIFF RECEIVED ALL IMMUNOTECH STOCK OWED

Plaintiff alleges that he was promised shares of stock in Immunotech pursuant to the following contracts ("Contracts"): 1) March 2014 Settlement Agreement ("March 2014 Agreement"); 2) May 2014 Transfer Agreement ("May 2014 Agreement"), 3) March 2016 Fee Agreement ("March 2016 Fee Agreement"), and (4) March 2016 Purchase Agreement ("March 2016 Purchase Agreement"). (FAC, ¶¶ 13–18).

Plaintiff already owns 52,962,780 shares of Immunotech, but asserts that he is entitled to 1) 85,810,252 additional shares and 2) an unspecified number of shares of Immunotech stock commensurate with a 5% revocable interest in Immunotech. (FAC, ¶¶20-23).

3

### a. 2014 Agreements

On March 17, 2014, Plaintiff entered into the March 2014 Agreement with Immunotech whereby Plaintiff was promised 40,000,000 shares of Immunotech stock. (FAC, ¶14). A true and correct copy of this March 2014 Agreement is attached to the declaration of defendant and CEO of Immunotech, Harry Zhabilov ("Zhabilov Decl.") as Ex. A. This March 2014 Agreement indeed provides that 40 million shares of Immunotech were to be issued to Plaintiff within 14 days of execution. (Zhabilov Decl., Ex. A, p. 6). Plaintiff's signature on the March 2014 Settlement Agreement is dated as March 17, 2014. (*Id*.)

However, Plaintiff alleges that on May 14, 2014, Immunotech agreed to transfer ***another*** 40 million shares of Immunotech stock to Plaintiff ("May 2014 Agreement"). (FAC, ¶15). A true and correct copy of this May 2014 Agreement is attached to the declaration of Harry Zhabilov as Ex. B. Immunotech's signature on the May 2014 Agreement is dated May 14, 2014. (Zhabilov Decl., Ex. B). The May 2014 Agreement provides that 40,000,000 shares of Immunotech were to be issued to Plaintiff "[u]pon signature of this document."

However, these two agreements promised the ***same*** 40 million shares of Immunotech stock. (Zhabilov Decl., ¶9, Ex. A, B). The March 2014 Agreement and the May 2014 Agreements were not two separate agreements. (*Id*.) The March 2014 Agreement merely set forth the terms of Plaintiff receiving the shares, and the May 2014 Agreement effectuated the transfer of those shares. (*Id*.)

Accordingly, Plaintiff received 40 million shares of Immunotech stock in May 2014, in two different share certificates. (Zhabilov Decl., ¶10). Plaintiff received 10,000,000 shares (Certificate No. 3058) and 30,000,000 shares (Certificate No. 3059) – both on May 19, 2014. (Zhabilov Decl., ¶10, Ex. D, at p. 23).

### b. 2016 Agreements

Plaintiff then alleges that under the March 2016 Fee Agreement, he was to receive a 1% interest in Immunotech which amounted to 5,560,252 shares of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Immunotech stock. (FAC, ¶16). The March 2016 Agreement provides that Immunotech would issue shares of Immunotech stock "upon completion of the filing (the "Filing") of the Form 10 contemplated in this agreement…" (Zhabilov Decl., ¶11, Ex. C).

However, Plaintiff is not entitled to these shares, as he failed to perform under the terms of the March 2016 Fee Agreement. In fact, Plaintiff never performed, as the Form 10 was never completed or filed. (Zhabilov Decl., ¶12).

Plaintiff then alleges that on March 31, 2016, a person named Billy Ray ("Ray"), who Plaintiff alleges to be Immunotech's Chief Financial Officer, sent an email to Plaintiff memorializing an agreement to transfer 250,000 shares of Immunotech stock to Plaintiff in exchange for $250 – the March 2016 Purchase Agreement. (FAC, ¶17).  Plaintiff further alleges that Zhabilov approved the March 2016 Purchase Agreement.

This is also false.  Plaintiff's claim that Billy Ray was the Chief Financial Officer of Immunotech, is simply incorrect. (Zhabilov Decl., ¶¶13-14). Moreover, Zhabilov never approved the March 2016 Purchase Agreement. (*Id*, ¶¶13-15).

Mysterious CFOs aside, Plaintiff's claim here also fail for nonperformance. Plaintiff never alleges that he actually performed, *i.e.*, that he paid $250 to Immunotech. This is unsurprising, as Immunotech has no record of ever receiving a $250 payment from Plaintiff, and never into the March 2016 Purchase Agreement at all. (Zhabilov Decl., ¶15).

### 2.    PLAINTIFF SUED THE WRONG ENZOLYTICS.

In March 2018, Plaintiff alleges that Corporate Defendants Immunotech and Enzolytics entered into an asset purchase agreement ("Asset Purchase Agreement" or "APA"), whereby Enzolytics issued shares of Enzolytics stock to Immunotech, and assumed certain debts of Immunotech. (FAC, ¶¶54-60). In exchange, Enzolytics acquired the exclusive licensing agreement for the patented immunotherapy treatment ("Patented Treatment"), a 49% ownership interest in Immunotech

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

5

Laboratories BG (a separate corporate entity), and all equipment and intellectual property associated with the Patented Treatment. (FAC, ¶36). Plaintiff alleges that the promised stock was *not* issued to Immunotech and that, as a result, the Asset Purchase Agreement left Immunotech as a shell of a company and it stopped operating as an ongoing business. (FAC, ¶¶37-41).

On April 9, 2018, Plaintiff alleges that his attorney asked Billy Ray to confirm that Immunotech had not been abandoned – which Billy Ray confirmed. (FAC, ¶31). Plaintiff alleges that he relied on that statement, and "ceased investigating the status of Immunotech's assets." (*Id.*). In February 2021, Plaintiff alleges that he requested but was refused a meeting with Zhabilov to obtain more information about any relationship between Immunotech and Enzolytics. (FAC, ¶32). Plaintiff further alleges that Zhabilov was an officer and director of both Immunotech and Enzolytics – and had a financial interest in the Asset Purchase Agreement. (FAC, ¶¶43-46). He further alleges that the APA was not approved by a majority of Immunotech's board who were not common or interested directors. (FAC, ¶47).

Plaintiff's allegations are factually false. Defendant Immunotech entered into the Asset Purchase Agreement in March 2018 with a company formerly named as Enzolytics, Inc. ("EI"). EI became ENZC Sub, Inc. ("ENZC"), which then became a subsidiary of Defendant Enzolytics, and later changed its name to Robustomed. EI/ENZC/Robustomed was actually party to the Asset Purchase Agreement, not defendant Enzolytics. (Cotropia Decl.*,* ¶¶11-12, 23-24).   The Asset Purchase Agreement does not implicate defendant Enzolytics, and the facts do not support Plaintiffs claims relating to the Asset Purchase Agreement or the alleged *de facto* merger.

## III.   <u>SUMMARY JUDGMENT STANDARD</u>

FRCP 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of an issue of material fact. *Celotex*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Id.* at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir 1999). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,' "does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809 (1989) (emphasis in original, citation omitted).

## IV.   ARGUMENT

### 3.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE FIRST CAUSE OF ACTION (BREACH OF CONTRACT) AND SECOND CAUSE OF ACTION (IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING).

The well-known elements of a breach of contract claim are: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Mazal Grp., LLC v. Barak*, No. CV 18-4983-DMG (FFM), 2019 U.S. Dist. LEXIS 166472, at *5-6 (C.D. Cal. June 17, 2019) (*citing Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)).

### a.   Plaintiff's Breach of Contract Claims and Breach of Implied Covenant Claims for the March 2014 Agreement, the May 2014 Agreement and the March 2016 Purchase Agreement are Barred by the Statute of Limitations.

Plaintiff alleges that the Contracts were entered into in California. (FAC, ¶19). Under California law, a claim for breach of contract is subject to a four-year statute of limitations. Cal. Civ. Proc. Code § 337(a). "A cause of action for breach of contract accrues at the time of the breach, which then starts the limitations period

7

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

running." *Cochran v. Cochran*, 56 Cal.App.4th 1115, 1120, 66 Cal.Rptr.2d 337 (1997); *see also IV Sols., Inc. v. Empire Healthchoice Assur., Inc.*, No. 20-56132, 2021 U.S. App. LEXIS 34816, 2021 WL 5492974, at *1 (9th Cir. 2021) (quoting same).

### (i)   March 2014 Agreement

Plaintiff alleges that on March 17, 2014, Plaintiff entered into a settlement agreement with Immunotech whereby he was promised 40,000,000 shares of Immunotech stock. (FAC, ¶14). This is the March 2014 Settlement Agreement. Plaintiff's signature on the March 2014 Settlement Agreement is dated as March 17, 2014. (Zhabilov Decl., Ex. A, p. 6). The March 2014 Settlement Agreement provides that 40,000,000 shares of Immunotech were to be issued to Plaintiff within 14 days of the execution of the March 2014 Settlement Agreement. Therefore, the limitations period for a breach of the March 2014 Settlement Agreement started 14 days after March 17, 2014, or March 31, 2014.

### (ii)   May 2014 Agreement

Plaintiff alleges that on May 14, 2014, Immunotech agreed to transfer 40,000,000 shares of Immunotech stock to Sakayan–the May 2014 Transfer Agreement. (FAC, ¶15). Immunotech's signature on the May 2014 Agreement is dated May 14, 2014. (Zhabilov Decl., Ex. B). The May 2014 Transfer Agreement provides that 40,000,000 shares of Immunotech were to be issued to Plaintiff "[u]pon signature of this document." Therefore, the limitations period for a breach of the May 2014 Transfer Agreement started on May 14, 2014.

### (iii)   March 2016 Fee and Purchase Agreement

Plaintiff alleges that on March 31, 2016, Billy Ray ("Ray"), who Plaintiff alleges to be Immunotech's Chief Financial Officer (an allegation that is simply incorrect), sent an email to Sakayan memorializing an agreement to transfer 250,000 shares of Immunotech stock to Sakayan in exchange for $250 ("March 2016

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Purchase Agreement"). (FAC, ¶17). Per Plaintiff's allegations, the limitations period for a breach of the March 2016 Purchase Agreement started on March 31, 2016.

(iv)   <u>Statute of Limitations Bar</u>

All three of the foregoing claims are barred by the statute of limitations. Plaintiff did not file this complaint until June 22, 2022, over 8 years since the March 2014 Agreement or the May 2014 Agreement was allegedly breached, and over six years since the March 2016 Fee Agreement or the May 2016 Purchase Agreement were allegedly breached. These breach of contract claims are barred by the four year statute of limitations and the Second Cause of Action should be dismissed.

Similarly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing sounds in contract and thus, is subject to a four-year statute of limitations period. *Rajamadam C. Venkatraman v. Bank of N.Y. Mellon*, No. 19-CV-01386-LHK, 2019 U.S. Dist. LEXIS 244171, at *7 (N.D. Cal. Dec. 17, 2019). Plaintiff's sole allegation for the breach of the implied covenant is that Immunotech "never intended" to issue the shares. (FAC, ¶69). Therefore, logically, the implied covenant claim accrued on or before the date of the subject contracts, as Plaintiff alleges that Immunotech never intended to honor the agreements and is thus barred by the statute of limitations.

**b.   The Claims for Breach of the 2014 Agreements Fail Because Plaintiff Received the Promised Shares.**

With respect to the March 2014 Agreement and May 2014 Agreement, Plaintiff alleges that he was entitled to a combined 80 million shares of Immunotech stock. However, these two agreements were not separate – and addressed the same set of 40,000,000 shares. (Zhabilov Decl., ¶¶8-10). In fact, as confirmed by Immunotech's list of shareholders, Plaintiff received 40,000,000 shares of Immunotech stock in May 2014, in two different share certificates. (*Id*, ¶10, Ex. D). Plaintiff received 10,000,000 shares (Certificate No. 3058) and 30,000,000 shares (Certificate No. 3059) – both on May 19, 2014. (*Id*, Ex. D, at p. 23). Thus, as Plaintiff

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

9

received the 40,000,000 shares, there is no factual dispute and Plaintiff cannot establish a breach of either the March 2014 Agreement or the May 2014 Agreement.

**c.      Plaintiff Also Failed to Perform Under the 2016 Agreements.**

Plaintiff's claims for breach of the March 2016 Fee Agreement and the March 2016 Purchase Agreement (and any claims for breach of the implied covenant of good faith and fair dealing related to those agreements) fail due to Plaintiff's failure to plead or show Plaintiff's performance or excuse for nonperformance, which was the condition precedent for Immunotech's obligations under those agreements.

Under California law, "the obligations of the parties to a contract are either dependent or independent." *Colaco v. Cavotec SA*, 25 Cal. App. 5th 1172, 1182, 236 Cal. Rptr. 3d 542, 552 (2018). A dependent obligation exists when the performance by one party is a condition precedent to the other party's performance. *Id*, at 1182-83. In the case of a dependent obligation, "one party is excused from its obligation to perform if the other party fails to perform." *Id*, at 1183; *see also Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (a "bedrock principle of California contract law is that [h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.") (*quoting Pry Corp. of Am. v. Leach*, 177 Cal. App. 2d 632, 639, 2 Cal. Rptr. 425 (1960)); *Corbrus, LLC v. 8th Bridge Capital, Inc.*, No. 2:19-cv-10182-CAS(AFMx), 2021 U.S. Dist. LEXIS 124506, at *34-35 (C.D. Cal. July 1, 2021).

(i)      Plaintiff Failed to File Form 10.

Plaintiff alleges that under the March 2016 Fee Agreement, he was to receive a 1% interest in Immunotech which amounted to 5,560,252 shares of Immunotech stock. (FAC, ¶16). The March 2016 Fee Agreement provides that Immunotech would issue shares of Immunotech stock "upon completion of the filing (the "Filing") of the Form 10 contemplated in this agreement…" (Zhabilov Decl., ¶11, Ex. C). Plaintiff does not allege, however, that he performed, *i.e.* that the Form 10

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

was ever completed or filed. Nor does Plaintiff present any evidence that he performed.

In fact, Plaintiff never performed, as the Form 10 was never completed or filed. (Zhabilov Decl., ¶12). Accordingly, Plaintiff's claim for breach of the March 2016 Fee Agreement (and any derivative claim for breach of the implied covenant of good faith and fair dealing) fails – in the absence of performance by Plaintiff, Immunotech had no contractual duty to issue shares to Plaintiff under the March 2016 Fee Agreement.

(ii)    <u>Plaintiff Never Paid for the Alleged Shares.</u>

Plaintiff alleges that under the March 2016 Fee Agreement and the March 2016 Purchase Agreement, he purchased 250,000 shares of Immunotech in exchange for $250. (FAC, ¶17). Plaintiff does not allege, however, that he performed, *i.e.*, that he paid $250 to Immunotech.

In fact, Sakayan never paid $250.00 to Immunotech. Immunotech has no record of ever receiving a $250 payment from Plaintiff (and denies entering into the March 2016 Purchase Agreement at all). (Zhabilov Decl., ¶15). Accordingly, due to Plaintiff's inability to establish any factual dispute that he actually paid $250 to Immunotech, his claim for breach of the March 2016 Purchase Agreement (and any derivative claim for breach of the implied covenant of good faith and fair dealing) fails. In the absence of performance by Plaintiff, Immunotech had no contractual duty to issue shares to Plaintiff under the March 2016 Purchase Agreement.

### d.    Ray Was Not the CFO and Did Not Have Authority to Bind Immunotech to the March 2016 Purchase Agreement.

Plaintiff claims that Immunotech entered into the March 2016 Purchase Agreement based on an email from Billy Ray, who was allegedly Immunotech's Chief Financial Officer. (FAC, ¶17). Plaintiff further alleges that Harry Zhabilov approved the March 2016 Purchase Agreement.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Plaintiff's claim that Billy Ray was the Chief Financial Officer of Immunotech is simply incorrect. (Zhabilov Decl., ¶¶13-14). Moreover, Harry Zhabilov never approved the March 2016 Purchase Agreement. (Zhabilov Decl., ¶¶13-15).

Without any evidence to substantiate the allegation that Ray was the CFO of Immunotech or that Harry Zhabilov approved the March 2016 Purchase Agreement, there is simply no issue of material fact. Plaintiff has no basis to pursue a claim for Breach of the March 2016 Purchase Agreement.

## 4. ZHABILOV IS ENTITLED TO SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION (BREACH OF FIDUCIARY DUTY).

### a. Plaintiff Lacks Standing.

First and foremost, Plaintiff's claim for breach of fiduciary duty against Zhabilov (FAC, ¶¶72-80) fails because, under Nevada law[1], Zhabilov does not owe Plaintiff a direct fiduciary duty as a shareholder, leaving Plaintiff without standing to bring this direct claim.

Plaintiff alleges incorrectly that "Zhabilov owed a duty **to Sakayan, as an Immunotech shareholder**, to exercise loyalty and good faith in the management and administration of Immunotech." (FAC, ¶73 (emphasis added)). However, a corporate director or officer owes fiduciary duties to the corporation, not the shareholders, and the shareholders may enforce the fiduciary duties only through derivative actions. *Parametric Sound Corp. v. Eighth Judicial Dist. Court of Nev.*, 133 Nev. 417, 423, n.10. (2017) (*citing N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007)). General language concerning fiduciary duty owed to shareholders by directors does not support a direct action. *Id.*

---

[1] As a Nevada corporation, Immunotech's internal affairs are governed by Nevada law. *See Shaffer v. Heitner*, 433 U.S. 186, 215 n. 44 (1977).

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

*(quoting Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559-60 (Tenn. 1990)); *see also* NRS 78.138(1), (4)-(5).

Here, Plaintiff's fiduciary duty claim belongs to Immunotech – not Plaintiff – and thus, is a derivative claim. "A derivative claim is one brought by a shareholder on behalf of the corporation to recover for harm done to the corporation." *Parametric Sound Corp.*, 133 Nev., at 423. To distinguish between direct claims and derivative claims, Nevada courts consider only (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually). *Id,* at 427. In answering the first question—who suffered the harm— the relevant inquiry is: "Looking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation?" *Id,* at 426 (internal quotes omitted). In answering the second question, "the inquiry is, if the plaintiff prevails, will the recovery benefit the corporation or the shareholders individually[?]" *Id.*

Plaintiff further alleges that 1) the Asset Purchase Agreement was the result of Zhabilov's self-dealing that only benefited a select few favored Immunotech shareholders, including Zhabilov and his family trust (Zhabilov Trust), to the detriment of other shareholders (FAC, ¶76), 2) that Immunotech received inadequate consideration from Enzolytics for the assets purchased by Enzolytics under the Asset Purchase Agreement (FAC, ¶77), and 3) that the Asset Purchase Agreement left Immunotech as an empty husk or shell of a company (FAC, ¶78). These allegations describe an alleged harm that deprived value to Immunotech as a corporation, *not* just Plaintiff as an individual shareholder.

Despite this, Plaintiff's claim is improperly brought as a direct claim. Plaintiff alleges that "Zhabilov unfairly deprived **Sakayan** of the true value inherent in and arising from Immunotech and Enzolytics (FAC, ¶78 (emphasis added)), that "[a]s a

13

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

proximate result of Zhabilov's breach of his fiduciary duties, **Sakayan** has been and will be harmed…" (FAC, ¶79 (emphasis added)), and that **Sakayan** has suffered damages in an amount to be proven at trial but no less than $100 million (FAC, ¶80 (emphasis added)). The Third Cause of Action attempts to enforce legal duties that Plaintiff claims are owed to him directly and redress harm that Plaintiff claims *he* suffered – despite the fact that these claims are purely derivative.

Plaintiff may attempt to argue that the Nevada Supreme Court's holding in *Parametric* supports an argument that in Nevada, "equity expropriation" claims are both direct and derivative shareholder claims. *Parametric Sound Corp.,* 133 Nev., at 429 (citing *Gentile v. Rossette*, 906 A.2d 91, 99 (Del. 2006), *overruled by Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251 (Del. 2021)). However, as this Court recognized previously, in *Parametric Sound Corp.*, the Nevada Supreme Court was 1) relying on Delaware precedent which has been overturned and reversed, and 2) *declined* to consider whether shareholders could adequately plead such an equity expropriation claim. *Id.*; Dkt. 19, p. 14. Moreover, subsequent authority from the Nevada Supreme Court indicates that Nevada continues to favor a "direct-harm" test – without regard for the potential "dual-nature" of a shareholder's claim. *Wynn Resorts v. Eighth Judicial Dist. Court of Nev.*, 136 Nev. 896, 467 P.3d 637 (2020) ("We elect to entertain the petition because the direct-harm test is clear authority requiring dismissal. Although the district court cited the dispositive rule that a plaintiff must 'demonstrate that he or she can prevail without showing an injury to the corporation'") (quoting *Parametric*, 133 Nev. at 426 (quoting *Tooley v. Donaldson, Lufkin, & Jenrette, Inc.,* 845 A.2d 1031, 1036 (Del. 2003)). Since *Parametric*, no Nevada court has revisited the issue of whether equity expropriation claims are direct or derivative.

///
///
///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

14

### b. Plaintiff's Breach of Fiduciary Duty Claim Fails as a Matter of Law.

Plaintiff has failed to meet Nevada's stringent and heightened standard for a fiduciary duty claim under NRS 78.138(7). In Nevada, a shareholder who sues a corporate director individually for breach of fiduciary duty must, under NRS 78.138(7), rebut the business judgment rule *and* demonstrate that the alleged breach involved intentional misconduct, fraud, or a knowing violation of the law. *Guzman v. Johnson*, 483 P.3d 531, 533 (Nev. 2021). A litigant who sues directors or officers of a corporation individually for breach of fiduciary duty must satisfy both requirements of NRS 78.138(7) (2017) – which provides the <u>sole method</u> for holding individual directors liable for corporate decisions. *Id*, at 536. In Nevada, the business judgment rule protects directors and officers from individual liability and limits judicial interference with corporate decisions when those decisions are made in good faith. *Id*, at 536; *see also Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev. 369, 376, 399 P.3d 334, 342 (2017) (*citing* 18B Am. Jur. 2d Corporations § 1451 (2016)).

Plaintiff's contention that Zhabilov and his family trust received shares in Enzolytics (FAC, ¶76) is insufficient to rebut the business judgment rule. Nevada has expressly *rejected* that individual directors must prove the fairness of a transaction when a shareholder merely challenges a director's interested dealings. *Guzman*, 483 P.3d, at 537. Further, Plaintiff's claims do not satisfy NRS 78.138(7) in that they lack facts to suggest that Zhabilov was *motivated* by self-interest.

Assuming *arguendo* that Plaintiff had successfully rebutted the business judgment rule, Plaintiff still failed to show that Zhabilov's breach involved intentional misconduct, fraud, or a knowing violation of the law. Instead, Plaintiff merely alleges that 1) Zhabilov negotiated, approved, and entered into the Asset Purchase Agreement without notice to Immunotech shareholders or compliance with "applicable statutory requirements" (FAC, ¶74), and 2) that Immunotech received

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

15

inadequate consideration (FAC, ¶76). At best, this describes negligence (or even *gross* negligence) – neither constitute an actionable fiduciary duty claim under Nevada law. *Guzman*, 483 P.3d, at 537. Moreover, Plaintiff does not identify either the "notice" requirement or statutory requirement that was violated or a single fact to suggest that Zhabilov committed intentional misconduct, fraud, or a knowing violation of the law.

Plaintiff may try to – but cannot – rely on the allegation in Paragraph 75 of the FAC that Zhabilov "consented and/or directed Ray to conceal from Sakayan, by misrepresenting the facts, the sale of Immunotech's assets to Enzolytics." (FAC, ¶75). A claim for breach of fiduciary duty customarily has three elements: (1) existence of a fiduciary duty, (2) breach of the duty, and (3) damages as a result of the breach. *Guzman*, 483 P.3d, at 538. Since Plaintiff alleges fraud in his breach of fiduciary duty claim, he "must satisfy the heightened pleading requirement of NRCP 9(b)" and plead the fraud with particularity. *Id*, at 536. Paragraph 75, however, does not describe what Zhabilov told Ray, or when or where he told Ray to say it (let alone any fact to suggest that Zhabilov intended to deceive). Plaintiff's failure to adequately plead these facts, much less present evidence of them, is fatal to Plaintiff's claim. Last, Plaintiff further does not allege facts or present evidence to suggest that Zhabilov's statement to Ray proximately caused Plaintiff to suffer any damages, which again, is required for an actionable fiduciary duty claim. Thus, Plaintiff's fiduciary duty claim against Zhabilov fails.

## 5.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE FOURTH CAUSE OF ACTION (FRAUD).

### a.   Plaintiff's Fraud Allegations Do Not Satisfy Rule 9(b).

Plaintiff's allegations in the Fourth Cause of Action (FAC, ¶¶81-84) ("Fraud Against All Defendants") do not meet the heightened pleading standard, which requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such averments "must be accompanied by 'the who,

16

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

what, when, where, and how' of the misconduct charged," such that they are "specific enough to give defendants notice of the particular misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (first quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); and then quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). A plaintiff must include "an account of the time, place, and specific content of the false representations" at issue. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation marks omitted). Fraud allegations must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff generally alleges that Immunotech and Zhabilov did not disclose the terms of the Asset Purchase Agreement to "Sakayan and other Immunotech shareholders." (FAC, ¶82). Plaintiff does not identify when any fraudulent misconduct took place or any basis for the proposition that disclosure was necessary.

As this Court previously held, the June 22, 2017 representation by Zhabilov that "no assets of Immunotech have been transferred to anyone" (FAC, ¶26) occurred before the March 26, 2018 Asset Purchase Agreement, and is not a false representation because it was a *true* statement. (*See* Dkt. No. 19, p. 17).

As for Billy Ray's statement that Immunotech had not been abandoned on April 9, 2018, that statement is not attributable to Enzolytics, Immunotech or Zhabilov because Billy Ray was *never* the Chief Financial Officer of Immunotech. (Zhabilov Decl., ¶¶13, 14). Thus, Plaintiff has no basis to pursue a claim against Defendants for a statement purportedly made by Billy Ray. (*Id*.)

In sum, Plaintiff has neither adequately pled, nor presented evidence of, fraudulent conduct to support his claim.

///
///
///

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**b.      Other Essential Elements of Plaintiff's Fraud Claim Also Fail.**

Plaintiff's fraud claim also fails to plead damages that were proximately caused by any justifiable reliance. Under California law, a cause of action for fraud or deceit requires: (1) a representation, usually of fact, which is false, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance upon the misrepresentation, and (5) damage resulting from that justifiable reliance. *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1059-60 (2012). Every element must be specifically pleaded. *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153 (1991) ("[d]amage to be subject to a proper award must be such as follows the act complained of as a legal certainty."); *Marshak v. Ballesteros*, 72 Cal.App.4th 1514, 1518 (1999).

Plaintiff must plead the "detriment proximately caused" by the defendant's tortious conduct. *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1818 (1996). "Deception without resulting loss is not actionable fraud." *Id.*; *see also Building Permit Consultants, Inc. v. Mazur*, 122 Cal.App.4th 1400, 1415 (2004) (affirming sustaining without leave to amend a demurrer to fraud claim where plaintiff failed to allege damages).

Assuming *arguendo* that Plaintiff has pled deception, he has pled no facts that such alleged deception (*i.e.*, that Immunotech had not been abandoned) or Plaintiff's purported reliance (*i.e.*, that Plaintiff "ceased investigating Immunotech's assets") proximately caused Plaintiff to suffer damages. (FAC, ¶31). Plaintiff merely alleges in conclusory fashion that his shares of Immunotech stock lost value. (FAC, ¶84). Such conclusory allegations, however, do not suffice. *Stansfield v. Starkey*, 220 Cal.App.3d 59, 74 (1990). Moreover, Plaintiff does not explain how the value of Immunotech (or Plaintiff's shares of Immunotech) was reduced as a result of the alleged fraud – which was the *concealment* of the terms of the Asset Purchase Agreement. Not only are these elements inadequately pled, but Plaintiff also has

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

18

presented no evidence of them.  Therefore, Plaintiff's fraud claim fails as a matter of law.

### 6.    ENZOLYTICS IS NOT THE ENTITY WHO ENTERED INTO THE TRANSACTIONS REFERENCED IN THIS ACTION.

Plaintiff's sole theory of liability against Defendant Enzolytics is that the Asset Purchase Agreement resulted in a *de facto* merger between Enzolytics and Immunotech and/or in Enzolytics being a mere continuation of Immunotech. (FAC, ¶54). Defendant Enzolytics, however was *not* a party to the Asset Purchase Agreement and in fact, was not in existence at the time of the Asset Purchase Agreement. Plaintiff has sued the wrong party and the claims against Enzolytics fail.

Here, Defendant Immunotech entered into the Asset Purchase Agreement in March 2018 with a company formerly named as Enzolytics, Inc. ("EI").  EI became ENZC Sub, Inc. ("ENZC"), which then became a subsidiary of Defendant Enzolytics, and later changed its name to Robustomed.  EI/ENZC/Robustomed was actually party to the APA, not defendant Enzolytics.

Specifically, in November 2020, EI, the party to the Asset Purchase Agreement, restructured in accordance with Section 251(g) of the Delaware General Corporate Law ("251(g) Transaction"). (*See* Cotropia Decl., ¶16). As a result of the 251(g) Transaction, EI became a wholly-owned subsidiary of Defendant Enzolytics.[2] (*Id,* ¶11, Ex. A). On November 17, 2020, EI changed its name to "ENZC Sub, Inc." (*Id,* ¶11). ENZC Sub, Inc. is now known as Robustomed. (*Id,* ¶24).

---

[2] On November 17, 2020, two new Delaware corporations were formed: Defendant Enzolytics and Enzolytics Merger Corp. (Cotropia Decl., ¶22, Ex . A, C). Pursuant to the 251(g) Transaction, a certificate of merger was filed with the Delaware Secretary of State to merge Enzolytics Merger Corp. with and into ENZC, formerly EI (*Id*, ¶12) – leaving ENZC (the party to the APA) in existence, but as a subsidiary of Defendant Enzolytics. (*Id*, ¶23).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Accordingly, as a result of the 251(g) Transaction, the entity that entered into the Asset Purchase Agreement (EI/ENZC/Robustomed) is still in existence as a subsidiary of Defendant Enzolytics. Thus, Plaintiff's *de facto* merger claim should have been directed to Robustomed, *not* its parent, Defendant Enzolytics – which was not formed until November 17, 2020. Plaintiff has sued the wrong party.

7.     **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S DERIVATIVE CLAIMS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH FRCP 23.1.**

To the extent Plaintiff does purport to make derivative claims on behalf of Immunotech, which is not clear from the FAC, Plaintiff has failed to provide the requisite verification, or plead the necessary facts, required by the Federal Rules of Civil Procedure and applicable law, to establish standing to pursue these derivative claims.

Fed R. Civ. P. 23.1 states that, for a derivative action, the plaintiff's complaint must be verified *and*:

>     (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
>
>     (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and,
>
>     (3) state with particularity:
>
>>         (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>>
>>         (B) the reasons for not obtaining the action or not making the effort.

Here, the FAC plainly does not satisfy the requirements for a derivative action. Nowhere in the FAC does Plaintiff allege that the action is not a collusive one to

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

confer jurisdiction that the court would otherwise lack. Accordingly, due to these pleading deficiencies, to the extent Plaintiff attempts to assert derivative claims, those claims should be dismissed and/or stricken.

## V.   **CONCLUSION**

For all of the foregoing reasons, Defendants request that summary judgment be granted on all claims in the First Amended Complaint.

DATED:  February 23, 2024             BALLARD SPAHR LLP
                                      Joel E. Tasca
                                      Peng Shao

                                      By:  */s/ Peng Shao*
                                            Peng Shao

                                      GARIBIAN LAW OFFICES, P.C.
                                      Antranig N. Garibian (*admitted pro hac vice*)

                                      *Attorneys for Defendants*
                                      *Harry Zhabilov, Enzolytics, Inc., and*
                                      *Immunotech Laboratories, Inc.*