David Pierce (SBN 150231)
dpierce@dhpierce.com
Larry Liu (SBN 175799)
lliu@dhpierce.com
Shih-Chieh Wang (SBN 329518)
jwang@dhpierce.com
**DAVID H. PIERCE & ASSOCIATES PC**
15260 Ventura Boulevard, Suite 730
Sherman Oaks, CA 91403
Tel: (818) 826-5480
Fax: (818) 826-5486

Attorneys for Plaintiff
ELIE SAKAYAN

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIE SAKAYAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARRY ZHABILOV, an individual, ENZOLYTICS, INC., a Delaware corporation; IMMUNOTECH LABORATORIES, INC., a Nevada Corporation, and DOES 1 – 50,<br><br>Defendants. | Case No. 2:22-cv-06618-MWF-SK<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS** |

## STATEMETN OF GENUINE DISPUTES OF MATERIAL FACTS

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. The March 2014 Settlement Agreement (Exhibit A to the declaration of Harry Zhabilov) and the May 2014 Transfer Agreement (Exhibit B to the declaration of Harry Zhabilov) each reference an agreement to transfer to Plaintiff 40,000,000 shares of Immunotech stock.<br><br>*Evidence*: Declaration of Harry Zhabilov, ¶ 8, Ex. A, B. | 1. Undisputed. |
| 2. The March 2014 Settlement Agreement and the May 2014 Transfer Agreement were not two separate agreements. The March 2014 Settlement Agreement was the agreement which set forth the terms of Mr. Sakayan receiving the shares and the May 2014 Transfer Agreement effectuated the transfer of | 2. Disputed.<br><br>The March 2014 Settlement Agreement and the May 2014 Transfer Agreement are two separate agreements.<br><br>*Evidence*: Declaration of Elie Sakayan ("Sakayan Decl."), ¶4 |

| | |
|---|---|
| those shares.  *Evidence*: Declaration of Harry Zhabilov, ¶ 9, Ex. A, B. | |
| 3. Pursuant to the March 2014 Settlement Agreement and the May 2014 Transfer Agreement, Sakayan received 40,000,000 shares on May 19, 2014.  *Evidence*: Declaration of Harry Zhabilov, ¶¶ 9-10, Ex. D, p. 23 of 28. | 3. Disputed.  I did not receive the 40,000,000 shares due to me under the March 2014 Settlement Agreement or the May 2014 Transfer Agreement. I did obtain shares of Immunotech's stock on May 19, 2014, but those shares were not related to or for either the 2014 Settlement Agreement or May 2014 Transfer Agreement.  *Evidence*: Sakayan Decl., ¶¶ 6-8. |
| 4. Plaintiff is alleging that Immunotech breached the terms of the March 2016 Fee Agreement (Exhibit C to the declaration of Harry Zhabilov). The March 2016 Fee Agreement provides for the transfer of shares of Immunotech | 4. Undisputed. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | common stock upon completion of the filing of a "Form 10"- as contemplated in the March 2016 Fee Agreement.<br><br>*Evidence*: Declaration of Harry Zhabilov, ¶ 11, Ex. C. | |
| 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 5. Plaintiff did not perform under the March 2016 Fee Agreement. The "Form 10" was never filed.<br><br>*Evidence*: Declaration of Harry Zhabilov, ¶ 12. | 5. Disputed.<br><br>Pursuant to the March 2016 Fee Agreement, I was to render services to Immunotech in exchange for 5,560,252 shares of Immunotech's stock. These services did not include the completion and filing of the "Form 10 contemplated by [the] agreement," which was to be done by Immunotech.<br><br>*Evidence*: Sakayan Decl., ¶8; Declaration of Larry Liu ["Liu Decl."], ¶ 3, Ex. A. |
| 25<br>26<br>27<br>28 | 6. Plaintiff is alleging that Immunotech breached an agreement that Plaintiff refers to as the March | 6. Disputed.<br><br>Billy Ray sent me an email, |

4
PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS
– CASE NO. 2:22-CV-106618-MWF-SK

| | | |
|---|---|---|
| | 2016 Purchase Agreement. Plaintiff is alleging that he entered into this agreement with "Billy Ray" who Plaintiff alleges was Immunotech's Chief Financial Officer. Billy Ray was never the Chief Financial Officer of Immunotech. In fact, Billy Ray was never an officer or director of Immunotech.<br><br>*Evidence*: Declaration of Harry Zhabilov, ¶¶ 13, 14. | dated March 31, 2016, memorializing an agreement I would other things, pay Harry Zhabilov, the amount of $250 in exchange for 250,000 shares of Immunotech's stock ("March 2016 Purchase Agreement"). Shortly thereafter, I met with Harry Zhabilov in person, confirmed the terms of the March 2016 Purchase Agreement, and gave him $250 in cash pursuant to the March 2016 Purchase Agreement.<br><br>*Evidence*: Sakayan Decl., ¶¶ 10-11, Ex. A. |
| | 8. [sic] There was no agreement between Immunotech and Plaintiff for Plaintiff to buy 250,000 shares of Immunotech stock in exchange for $250. Zhabilov and Immunotech have no recollection or knowledge that Plaintiff ever paid or that Immunotech ever received $250.00.<br><br>*Evidence*: Declaration of Harry | 8. Disputed.<br><br>Billy Ray sent me an email, dated March 31, 2016, memorializing an agreement I would other things, pay Harry Zhabilov, the amount of $250 in exchange for 250,000 shares of Immunotech's stock ("March 2016 Purchase Agreement"). Shortly thereafter, I met with |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 | Zhabilov, ¶ 15. | Harry Zhabilov in person, confirmed the terms of the March 2016 Purchase Agreement, and gave him $250 in cash pursuant to the March 2016 Purchase Agreement.<br><br>*Evidence*: Sakayan Decl., ¶¶ 10-11, Ex. A. |
| 11 12 13 14 15 16 17 18 19 20 21 22 23 | 9. In March 2018, at the time of the Asset Purchase Agreement, Dimitar Savov was not on the Board of Directors – and has never been on the Board of Directors – of Immunotech. At that time, the only members of the Board of Directors were Harry Zhabilov and Valentine Iordanov Dimitrov.<br><br>*Evidence*: Declaration of Harry Zhabilov, ¶ 16. | 9. Disputed.<br><br>The last financial report prepared by Immunotech, Inc. identifies the "Officers, Directors, and Controls Persons" to be Harry Zhabilov, Valentine, Iordanov Dimitrov, and Dimitri Savov.<br><br>*Evidence*: Liu Decl., ¶ 4, Ex. B, p. 18. |
| 24 25 26 27 28 | 10. The Asset Purchase Agreement that is the subject of this lawsuit was approved by a majority of the shareholders of Immunotech. | 10. Disputed.<br><br>Despite a request for all corporate records related to Immunotech, Inc., Defendants |

| | | |
|---|---|---|
| 1-8 | *Evidence*: Declaration of Harry Zhabilov, ¶ 17. | have not produced any meeting minutes or other documentation showing that a vote by the shareholders was held to approve the Asset Purchase Agreement.<br><br>*Evidence*: Liu Decl., ¶ 5. |
| 9-19 | 11. In November 2020, the party to the Asset Purchase Agreement, which at the time was named "Enzolytics, Inc.", was restructured in accordance with Section 251(g) of the Delaware General Corporate Law. ("251(g) Transaction")<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 16. | 11. Undisputed. |
| 20-26 | 12. The terms of the 251(g) Transaction are set forth in the "Agreement and Plan of Merger."<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 17, Ex. F. | 12. Undisputed. |
| 27-28 | 13. The terms of the 251(g) Transaction were disclosed in a | 13. Undisputed. |

| | |
|---|---|
| November 23, 2020 Report.<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 18, Ex. E. | |
| 14. As a result of the 251(g) Transaction, the party to the Asset Purchase Agreement (which, at the time, of the Asset Purchase Agreement, was named "Enzolytics, Inc." – but is now named "Robustomed, Inc.") became a wholly-owned subsidiary of the defendant in this action, Enzolytics, Inc.<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 19. | 14. Undisputed. |
| 16. [sic] On November 17, 2020, Enzolytics, Inc. entity which was the party to the Asset Purchase Agreement changed its name to "ENZC Sub, Inc."<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 21, Ex. B. | 16. Undisputed. |

8

Plaintiff's Statement of Genuine Disputes of Material Facts
– Case No. 2:22-cv-106618-MWF-SK

| | |
|---|---|
| 17. On November 17, 2020, two new Delaware corporations were formed: Enzolytics, Inc. (the defendant in this case) and Enzolytics Merger Corp.<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 22, Ex. A, C. | 17. Undisputed. |
| 18. Pursuant to the 251(g) Transaction, a certificate of merger was filed with the Delaware Secretary of State to merge Enzolytics Merger Corp. with and into ENZC Sub, Inc., leaving ENZC Sub, Inc. (the party to the Asset Purchase Agreement) in existence, but as a subsidiary of Enzolytics, Inc., the defendant in this action.<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 23, Ex. D. | 18. Undisputed. |
| 19. ENZC Sub, Inc. is now known as "Robustomed, Inc."<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 24, Ex. G. | 19. Undisputed. |

| | |
|---|---|
| 20. Accordingly, as a result of the 251(g) Transaction, the entity that entered into the Asset Purchase Agreement (Robustomed, Inc.) is still in existence as a subsidiary of Enzolytics, Inc.<br><br>*Evidence*: Declaration of Charles S. Cotropia, ¶ 25. | 20. Undisputed. |

DATED: March 18, 2024           DAVID H. PIERCE AND ASSOCIATES PC

/s/ *Larry Liu*
Larry Liu

Attorneys for Plaintiff
ELIE SAKAYAN