BALLARD SPAHR LLP
Joel E. Tasca (Cal. Bar No. 344697)
tasca@ballardspahr.com
Elliot G. Johnson (Cal. Bar No. 317303)
johnsoneg@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400;
Facsimile:  424.204.4350

GARIBIAN LAW OFFICES, P.C.
Antranig Garibian (*admitted pro hac vice*)
ag@garibianlaw.com
261 Old York Road, Unit 427
Jenkintown, PA 19046
Telephone: 215.326.9179
*Attorneys for All Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIE SAKAYAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARRY ZABILOV, an individual; ENZOLYTICS, INC., a Delaware corporation, Immunotech LABORATORIES, INC., a Nevada corporation, and DOES 1-50<br><br>Defendants. | Case No. 2:22-cv-06618-MWF-SK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    April 8, 2024<br>Time:   10:00 a.m.<br>Place:  Courtroom 5A |

## I. INTRODUCTION

Plaintiff has tacitly conceded that his claims are factually false, legally insufficient, and subject to summary judgment. In order to circumvent these defects, Plaintiff seeks to introduce brand new self-serving statements without any supporting evidence. And he asks to return this case to the pleading stage – even though that deadline passed in June 2023. But summary judgment is not a procedural second chance to flesh out inadequate pleadings. *Mejia v. Ill. Tool Works Inc.*, 2019 U.S. Dist. LEXIS 228668, *15-16 (C.D. Cal. Dec. 12, 2019) (Fitzgerald, J.) Plaintiff's efforts are too little, too late and Defendants respectfully request that the Court enter summary Judgment.

## II. ARGUMENT

### A. Plaintiff Has Been Aware Of The 251(g) Transaction Since February 2023

Enzolytics, Inc. is entitled to summary judgment based on the fact that Plaintiff's claims against Enzolytics, Inc. should have been directed to Enzolytics, Inc.'s subsidiary, Robustomed, Inc. As explained in detail in Defendants' opening brief, this is based upon the 251(g) Transaction which took place in November 2020. (Mot. Summ. J. at 19 [ECF No. 37]).

Plaintiff does not dispute that Enzolytics, Inc. is entitled to summary judgment on this basis. Rather, Plaintiff asks for an opportunity to add Robustomed, Inc. to this action, claiming that he became aware of the 251(g) transaction for the first time on December 23, 2023, citing ¶ 2 of the declaration of Plaintiff's attorney, Larry Liu. (ECF No. 42 at 15). Plaintiff's argument is baseless and ignores the well-documented history of this case.

On February 21, 2023, the parties submitted a Joint Rule 26(f) Report to the Court (ECF No. 26), which Mr. Liu himself signed. Within that report, Enzolytics, Inc. disclosed as a legal issue the 251(g) transaction, and the fact that Robustomed, Inc. was the proper party in this case – not Enzolytics, Inc. (ECF No. 26 at 5-6):

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400

> • Whether Plaintiff has named the correct party by suing Enzolytics, Inc. By way of background, Enzolytics, Inc., the entity named by Plaintiff in this lawsuit, is an entirely different entity from the "Enzolytics" entity which is the subject of Plaintiff's Amended Complaint. On November 16, 2020, the public company which Plaintiff refers to in its Complaint changed its name to "ENZC Sub, Inc." Immediately thereafter, on or about November 16, 2020, the following two new Delaware corporations were formed: Enzolytics, Inc. ("ENZC") and Enzolytics Merger Corp. (an indirect, wholly-owned subsidiary of ENZC Sub, Inc.). Pursuant to the reorganization effect pursuant to DGCL 251(g) Transaction, Enzolytics Merger Corp. merged with and into ENZC Sub, Inc. and thereafter, Enzolytics Merger Corp.
>
> *JOINT RULE 26(F) REPORT – CASE NO. 2:22-CV-106618-MWF-SK*
>
> ceased to exist. ENZC Sub, Inc. survived the merger as a direct wholly-owned subsidiary of ENZC, the Defendant in this action. Accordingly, as of November 16, 2020, any bona fide, valid, and documented claims directed to ENZC Sub, Inc. (now known as Robustomed, Inc.) could still be valid. However, the party owing those obligations would not be Enzolytics, Inc.

In the same February 21, 2023 Joint Rule 26(f) Report (signed by Mr. Liu), Plaintiff responded to this issue, stating his intent to file a motion to add a new party:

> **G.    Motions**
>
> Plaintiff anticipates that he may file a motion to add a new party based on Defendants' recent claim that "Enzolytics, Inc., the entity named by Plaintiff in this lawsuit, is an entirely different entity from the 'Enzolytics' entity which is the subject of Plaintiff's Amended Complaint." Plaintiff only learned of this in the preparing of this joint report.

(ECF No. 26 at 7).

3
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Thus, it is indisputable and a matter of record in this case that Plaintiff and his counsel have known about this issue since February 21, 2023. Over one year later, despite being fully on notice, Plaintiff and his counsel have neglected to take action or file a motion to add a new party, and the deadline to amend (June 26, 2023) long-ago passed. (ECF No. 28 at 2.)

Given the long-expired deadline to amend in the case management order, Plaintiff would be required to show good cause for his failure to comply with the deadline. *See Mejia v. Ill. Tool Works Inc.*, No. CV-18-09969-MWF(JCx), 2019 U.S. Dist. LEXIS 228668, at *21 (C.D. Cal. Dec. 12, 2019) (Fitzgerald, J.). "The Rule 16(b) good cause standard 'primarily considers the diligence of the party seeking amendment.'" *Id.* (quoting *Johnson v. Mammoth Recreations*, 975 F.3d 604, 609 (9th Cir. 1992).

Plaintiff's conduct has been the opposite of diligence. Plaintiff has known about the facts needed for amendment for over a year, and yet only now – at the summary judgment stage – does he request leave to amend. The Court should therefore reject his request.

### B. Plaintiff Has Not Identified A Basis For His Breach of Fiduciary Duty Claim To Survive

Harry Zhabilov requests summary judgment on the Third Cause of Action (Breach of Fiduciary Duty) for two reasons: 1) Plaintiff lacks standing and 2) Plaintiff has failed to allege the elements of a fiduciary duty claim under Nevada law. (Mot. Summ. J. at 12-16 [ECF No. 37]). Plaintiff's opposition does not refute these arguments.

Plaintiff concedes that he should have, but did not, properly bring the fiduciary duty claim as a derivative claim – characterizing his own pleading as an "imperfect statement of the legal theory." (Opp at 8 [ECF No. 42]). Plaintiff then goes on to simply request leave to amend the First Amended Complaint "to amend a derivate [sic] claim." Once again, the deadline to amend long-ago passed, and Plaintiff offers

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

no good cause for why he could not have pled his claim correctly from the outset. Moreover, Plaintiff offers no explanation of what he would actually plead or how exactly he would amend his claim.  (Opp at 8 [ECF No. 42]).  Plaintiff's cursory request for an opportunity to amend lacks substance – other than to request a *third* bite at the apple.

Even if Plaintiff *had* properly pled the fiduciary duty cause of action as a derivative claim, Plaintiff's opposition fails to address the second prong of Zhabilov's argument – that summary judgment is warranted under Nevada law because Plaintiff 1) fails to rebut the business judgment rule, 2) does not demonstrate that the alleged breach involved intentional misconduct, fraud, or a knowing violation of the law, and 3) does not allege facts that Zhabilov's statement to Ray proximately caused Plaintiff to suffer any damages.  (Mot. Summ. J. at 15-16 [ECF No. 37]).  There are simply no facts to support Plaintiff's breach of fiduciary duty claim under Nevada law and as a result, summary judgment is appropriate.

**C.     Plaintiff's Arguments In Support Of His Breach Of Contract Claims Are Unpersuasive**

Plaintiff asserts various arguments in support of his breach of contract claim, but none of them avoid the defects in his claim.

    1. <u>Plaintiff Has Not Alleged a Breach of the November 2008 Fee Agreement</u>

Plaintiff claims that the First Amended Complaint alleges a breach of the November 2008 Fee Agreement, arguing that Defendants' Motion "does not address the November 2008 Fee Agreement." (Opp at 6 [ECF No. 42]).  The First Amended Complaint, however, does not allege a breach of the November 2008 Fee Agreement.

In ¶18 of the First Amended Complaint, Plaintiff defines the term "Contracts" as the March 2014 Settlement Agreement, the May 2014 Transfer Agreement, the March 2016 Fee Agreement, and the March 2016 Purchase Agreement.  In the First Cause of Action for Breach of Contract (First Amended Complaint, ¶¶61-65 [ECF

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

No. 20), Plaintiff alleges that Immunotech breached the "Contracts." It is indisputable that the First Amended Complaint does not allege that Defendants breached the November 2008 Fee Agreement – which is why Defendants did not have to address the November 2008 Fee Agreement.

### 2. Plaintiff Received The Agreed Upon Shares And He Cannot Raise An Genuine Issue of Fact Otherwise

In their opening brief, Defendants explained that Immunotech agreed in the March 2014 Settlement Agreement to transfer 40,000,000 shares of Immunotech stock to Plaintiff, which transfer was then effectuated by the May 2014 Transfer Agreement, and that Plaintiff in fact received these 40,000,000 shares as evidenced by the Immunotech shareholder list. (ECF No. 37 at 4, 9-10; ECF No. 37-10 ¶¶ 5-10; ECF No. 37-11; ECF No. 37-12; ECF No. 37-14).

In response, Plaintiff asserts in a declaration – with no other supporting evidence – that the March 2014 Settlement Agreement and May 2014 Transfer Agreement were "separate agreements," and the fact that they both involved 40,000,000 shares "is a coincidence." (ECF No. 42-2 ¶ 4). Plaintiff further does not dispute that he received 40,000,000 shares on May 19, 2014, but he asserts – again without any supporting evidence, or additional explanation – that "those shares were not related to or for either the 2014 Settlement Agreement or May 2014 Transfer Agreement." (*Id.* ¶ 7). The fact that the number of shares that Plaintiff received was 40,000,000 – *i.e.*, the exact number he was entitled to under the relevant Agreements – is apparently, in Plaintiff's view, yet another coincidence.

Plaintiff's self-serving and conclusory assertions, unsupported by any other evidence, do not create a genuine issue of fact sufficient for Plaintiff to withstand summary judgment. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the nonmoving

party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."). The reality – as demonstrated by evidence affirmatively adduced by Defendants – is that Plaintiff was entitled to a single transfer of 40,000,000 shares, and Plaintiff then received exactly that number of shares. Plaintiff's unexplained, incredulous, and unsupported assertions that he was somehow entitled to *two* tranches of 40,000,000 shares, and that the 40,000,000 shares that he shortly thereafter received did not satisfy *either* of the two purported entitlements, should be rejected by the Court.

### 3. Plaintiff Failed to Perform Under the May 2016 Fee Agreement

In their opening brief, Defendants demonstrated that Plaintiff is not entitled to shares pursuant to the May 2016 Fee Agreement because the required Form 10 was never filed, which was a condition precedent to Plaintiff's entitlement to the shares. (Mot. Summ. J. at 10-11 [ECF No. 37]). In response, Plaintiff alleges that it was Immunotech's responsibility to file the Form 10. (Opp at 7 [ECF No. 42]). Defendants dispute Plaintiff's assertion, but in any event, it is undisputed that the condition precedent never occurred, and Plaintiff has presented no evidence that Defendants did anything to prevent that condition from occurring.

### 4. Plaintiff's New Self-Serving Contentions Are Too Little Too Late.

As for the May 2016 Purchase Agreement, Defendants explained in their opening brief that Plaintiff's claim for breach fails because (i) Billy Ray – who allegedly entered into that Agreement on Immunotech's behalf – did not have the authority to bind Immunotech, and (ii) in any event, Plaintiff failed to perform under that Agreement by not making the required $250 payment thereunder. (Mot. Summ. J. at 11-12 [ECF No. 37]). In response, Plaintiff does not provide any evidence that Billy Ray *did* have the necessary authority to bind Immunotech to the May 2016 Fee Agreement. Instead, Plaintiff provides his own declaration asserting – for the first

7
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

time – that Immunotech's Chief Executive Officer, Harry Zhabilov, personally met with Plaintiff and "confirmed" the Agreement on behalf of Immunotech. (Opp, ECF No. 42 at 7; ECF 42-2 ¶ 11). Plaintiff further asserts that he in fact paid Mr. Zhabilov the $250 required under the Agreement. (*Id.*)

Regarding Plaintiff's contention that it was Harry Zhabilov who entered into the May 2016 Fee Agreement on Immunotech's behalf, that is not what Plaintiff alleges. The allegations in Plaintiff's complaint state solely that Billy Ray made this Agreement on behalf of Immunotech. (*See* ECF No. 20 ¶ 17 ["Billy Ray . . . sent an email to Sakayan memorializing an agreement to transfer 250,000 shares of Immunotech stock to Sakayan."]) Similarly, Plaintiff never alleges in the Amended Complaint that he paid Mr. Zhabilov (or anyone else at Immunotech) the required $250.

Plaintiff's newly-minted contentions in his declaration that Plaintiff met with Mr. Zhabilov personally, that Mr. Zhabilov confirmed the Agreement on Immunotech's behalf, and that Plaintiff paid Mr. Zhabilov the $250, improperly seek to bolster Plaintiff's inadequate pleading for the first time at the summary judgment stage. *See Mejia v. Ill. Tool Works Inc.*, 2019 U.S. Dist. LEXIS 228668, *15-16 (C.D. Cal. Dec. 12, 2019) (Fitzgerald, J.) ("'[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.'. . . If a plaintiff fails to assert any factual allegations as to a particular theory of liability in a complaint, the 'provision of affidavits and declarations supporting [that theory] at the summary judgment stage is ineffectual.' The reason for this is simple. 'Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (*quoting Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006); *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010); *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992,

8

152 L. Ed. 2d 1 (2002))). Moreover, these contentions in Plaintiff's declaration are self-serving and unsupported by any other evidence, and the Court should therefore reject them for that reason as well. *See Publ'g Clearing House, Inc.*, 104 F.3d at 1171; *Hansen*, 7 F.3d at 138.

### D. Plaintiff's Arguments In Support Of His Fraud Cause Of Action Also Fail

In their opening brief, Defendants explained that Plaintiff has neither pled with particularity, nor adduced any evidence, of any misrepresentation by Defendants. (Mot. Summ. J. at 16-17 [ECF No. 37]). In response, Plaintiff does not dispute that the Court already has rejected Plaintiff's attempt to rely on Mr. Zhabilov's alleged June 22. 2017 statement as the basis for fraud. (*Id.* at 17).

The only other alleged misrepresentation on which Plaintiff relies for his fraud claim is the alleged April 9, 2018 statement by Billy Ray. However, Defendants have provided evidence that Mr. Ray was never CFO (nor held any other officer or director position) at Immunotech, (ECF No. 37-10 ¶ 14), and Plaintiff has produced no contrary evidence.

The only other conceivable basis to hold Immunotech responsible for Mr. Ray's alleged statement is Plaintiff's allegation that the "representation was made with the consent and at the direction of Zhabilov." ECF No. 20 para. 31. Yet, it is now summary judgment, and Plaintiff has identified no evidence that Mr. Zhabilov consented to or directed Mr. Ray to make this alleged statement.

Plaintiff therefore resorts to arguing that Mr. Ray had the "apparent" authority on behalf of Immunotech to make this statement. (Opp at 12-13 [ECF No. 42]). Plaintiff, however, never pled this apparent authority theory, and he therefore cannot raise it for the first time in opposition to summary judgment. *See Mejia*, 2019 U.S. Dist. LEXIS 228668, *15-16. Plaintiff requests leave to amend to add this theory to his complaint, (*Id.* at 13), but, once again, the case management deadline for amendment (*see* ECF No. 28) has passed and Plaintiff must therefore show "good

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

cause" under Federal Rule of Civil Procedure 16(b) to do so. *Id.* at *21. Here, Plaintiff has not even attempted to make any showing of good cause for his delay in seeking to amend. Moreover, given that the deadline to amend expired nine months ago (on June 26, 2023, ECF No. 28), Plaintiff would not be able to make a showing of diligence even had he tried.

Defendants further explained in their opening brief that, even if Mr. Ray's alleged statement were attributable to Defendants, Plaintiff has not identified any evidence demonstrating that this alleged statement proximately caused him damages. (Mot. Summ. J. at 18 [ECF No. 37]). Plaintiff makes a belated attempt to do so in his declaration in opposition to Defendants' summary judgment motion, stating that, but for this alleged statement, he would have "kept investigating and learned the terms of the asset purchase agreement" and he would have "sold [his] shares of Immunotech in April 2018, while shares were trading for just over $.01 per share. However, since May 2018, I understand that shares of Immunotech have traded for significantly less than $.01 per share." (ECF No. 42-10 para. 17). Plaintiff's unpled causation theory, once again, cannot be raised for the first time in opposition to summary judgment. *See Publ'g Clearing House, Inc.*, 104 F.3d at 1171; *Hansen*, 7 F.3d at 138.

### III. CONCLUSION

For all of the foregoing reasons, Defendants request that summary judgment be granted on all claims in the First Amended Complaint.

DATED: March 25, 2024            BALLARD SPAHR LLP
                                 Joel E. Tasca

                                 By: */s/Joel E. Tasca*
                                     Joel E. Tasca

                                 GARIBIAN LAW OFFICES, P.C.
                                 Antranig N. Garibian (*admitted pro hac vice*)
                                 *Attorneys for Defendants*