UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-6618-MWF (SKx) | Date | May 2, 2024 |
| Title | Elie Sakayan v. Harry Zabilov et al. | | |

Present: The Honorable   Steve Kim

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**    (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In accordance with the district judge's initial scheduling order, and the parties' request from early 2024, the court reserved April 24, 2024 for the settlement conference in this case. (ECF 39). In advance of that conference, in March 2024, the parties were ordered, among other critical tasks, to (1) exchange good faith settlement offers no later than three weeks beforehand, and (2) file confidential settlement conference statements no later than one week beforehand. (ECF 41). Shortly before the scheduled conference, however, plaintiff Elie Sakayan asked to continue the settlement conference because of his counsel's conflicting trial schedule, which request the court accommodated on very short notice. And with the necessary extension of the ADR deadline by the district judge (ECF 52, 53), the settlement conference was continued to May 8, 2024 (ECF 54)—subject of course to the same terms and conditions of the court's March 2024 settlement conference order (ECF 41).

As of this order (9:30 AM PT), however, plaintiff has not complied with one or more material conditions in the court's settlement conference order—including the timely filing of the essential confidential settlement conference statement. As per the court's courtesy protocol, the parties were sent an email by the court clerk on April 30, 2024, reminding them of the next day's deadline to file their respective settlement conference statements. Yet plaintiff's counsel never even acknowledged receipt of that courtesy email. Nor, most importantly, does it appear that plaintiff has discharged his obligation to exchange good faith offers in advance of next week's settlement conference. It is impossible to know for sure, of course, since no timely confidential settlement conference statement has been submitted to the court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-6618-MWF (SKx) | Date | May 2, 2024 |
|---|---|---|---|
| Title | Elie Sakayan v. Harry Zabilov et al. | | |

For these reasons, plaintiff and his counsel are ORDERED TO SHOW CAUSE at 10:30 AM PT on May 8, 2024 (one-half hour before the scheduled 11 AM start of the scheduled Zoom settlement conference) why each or both should not be sanctioned for failure to comply with the court's orders. The parties were advised long ago that the "failure of any party or attorney to comply strictly with the requirements of the [Settlement Conference] Order may result in sanctions being imposed," to include the "fees and costs expended by the other parties in preparing for and attending the Settlement Conference." (ECF 41). Plaintiff and his counsel may potentially discharge this order—in part at least—by promptly filing a *complete* and *thorough* confidential settlement conference statement by no later than 3 PM PT today.[1] Even then, however, the court reserves the right to issue sanctions, including the reasonable attorney fees incurred by defendants in preparing their settlement conference statement and for attending the settlement conference. And if no complete and thorough statement is filed on time today as ordered, the court also reserves the right to vacate the settlement conference altogether on top of any sanctions.

IT IS SO ORDERED.

cc: MWF Chambers

---

[1] As ordered, that statement must include, among other things: (a) an "itemized statement of the monetary damages claimed and of any other relief sought, including the evidentiary bases for the monetary damages and/or other relief sought;" (b) the "history of past settlement discussions, offers and demands, including specifically a detailed summary of the proposals that [were] exchanged by the parties no later than three weeks before the conference, as ordered;" and (c) the "approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for further discovery, pretrial proceedings, and trial." (ECF 41).