UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-06618-MWF (SKx) | Date: May 14, 2024 |
| Title: Elie Sakayan v. Harry Zabilov et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendants:  
None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [37]

Before the Court is a Motion for Summary Judgment (the "Motion"), filed by Defendants Enzolytics, Inc., Immunotech Laboratories, Inc., and Harry Zhabilov (sued as Zabilov), on February 23, 2024. (Docket No. 37). Plaintiff Elie Sakayan filed an Opposition on March 19, 2024. (Docket No. 42). Defendants filed a Reply on March 25, 2024. (Docket No. 43).

The Court has read and considered the Motion and held a hearing on **April 10, 2024**.

For the reasons set forth below, the Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

- The Motion is **GRANTED** as to Plaintiff's claims against Defendant Enzolytics.

- The Motion is **GRANTED** as to Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing for the March 2014 Settlement Agreement.

- The Motion is **GRANTED** as to Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing for the May 2014 Transfer Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-06618-MWF (SKx) | Date: May 14, 2024 |
| Title: Elie Sakayan v. Harry Zabilov et al. | |

- The Motion is **GRANTED** as to Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing for the March 2016 Fee Agreement.

- The Motion is **GRANTED** as to Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing for the March 2016 Purchase Agreement.

- The Motion is **GRANTED** as to Plaintiff's breach of fiduciary duty claim.

- The Motion is **DENIED** as to Plaintiff's fraud claim.

I.   **BACKGROUND**

Plaintiff commenced this action by filing a Complaint in Los Angeles Superior Court on June 22, 2022. (Notice of Removal at 1). Defendants removed the action to this Court on September 15, 2022. (*Id.* at 4).

Plaintiff alleges that he was promised shares of stock in Immunotech pursuant to four separate contracts (the "Contracts"): (1) March 2014 Settlement Agreement, (2) May 2014 Transfer Agreement, (3) March 2016 Fee agreement, and (4) March 2016 Purchase Agreement. (First Amended Complaint ("FAC") (Docket No. 20) ¶ 18). Plaintiff alleges he has not received any of the shares promised and is entitled to 85,810,252 additional shares of Immunotech stock. (*Id.* ¶¶ 18, 22).

Plaintiff alleges that in March 26, 2018, Immunotech and Enzolytics entered into an Asset Purchase Agreement whereby Enzolytics acquired the exclusive licensing agreement for a patented immunotherapy treatment for the care of HIV/AIDS and hepatitis C patients ("Patented Treatment"), a 49% ownership interest in Immunotech Laboratories BG, and all equipment related to the Patented Treatment in exchange for shares of Enzolytics stock and the assumption of certain Immunotech debts, including debts owed to the Zhabilov Trust. (*Id.* ¶ 36).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-06618-MWF (SKx)                    Date:  May 14, 2024
Title:    Elie Sakayan v. Harry Zabilov et al.

Plaintiff alleges that he falsely received assurances from Immunotech's Chief Financial Officer, Billy Ray, on April 9, 2018, that Immunotech had "not been abandoned." (*Id.* ¶¶ 17, 31).

Plaintiff alleges that Immunotech, having given away its only significant asset, stopped operating as an ongoing business, though Enzolytics lists "Immunotech Laboratories, Inc." as a predecessor. (*Id.* at 41). Plaintiff therefore believes Enzolytics pursued a *de facto* merger by means of the Asset Purchase Agreement. (*Id.* at 42).

The FAC alleges four causes of action: (1) Breach of Contract, against Enzolytics and Immunotech; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, against Enzolytics and Immunotech; (3) Breach of Fiduciary Duty, against Zhabilov; (4) Fraud, against all Defendants.

Defendants now move for summary judgment on all claims.

## II.   LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson*, 477 U.S. at 255; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 22-06618-MWF (SKx) | Date: May 14, 2024 |
| Title: | Elie Sakayan v. Harry Zabilov et al. | |

is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249–50. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

### III. DISCUSSION

#### A. Liability Against Defendant Enzolytics

Defendants argue that Plaintiff has sued the wrong party and therefore the claims against Defendant Enzolytics fail. (Motion at 19). Defendants contend that "Defendant Immunotech entered into the Asset Purchase Agreement in March 2018 with a company formerly named as Enzolytics, Inc. ("EI"). EI became ENZC Sub, Inc. ("ENZC"), which then became a subsidiary of Defendant Enzolytics, and later changed its name to Robustomed." Therefore, EI/ENZC/Robustomed was actually party to the Asset Purchase Agreement, not Defendant Enzolytics. Plaintiff asks the Court to permit him to amend the FAC to name Robustomed. (Opposition at 15). Plaintiff contends that he first learned about Robustomed being the correct Defendant after Defendants' production of documents on December 23, 2023. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-06618-MWF (SKx)           Date: May 14, 2024
Title:     Elie Sakayan v. Harry Zabilov et al.

The parties submitted a Joint Rule 26(f) Report to the Court on February 21, 2023. (Docket No. 26). Within that report, Defendants lay out how and why Defendant Enzolytics is the wrong party and the right party is Robustomed. (*Id.* at 5–6). In the same report, Plaintiff states that "he may file a motion to add a new party based on Defendants' recent claim that 'Enzolytics, Inc., the entity named by Plaintiff in this lawsuit, is an entirely different entity from the "Enzolytics" entity which is the subject of Plaintiff's Amended Complaint.'" (*Id.* at 7).

The deadline to amend pleadings was June 26, 2023. (Scheduling Order (Docket No. 28)). "After the deadline to amend pleadings in a court's pretrial scheduling order has passed, plaintiffs must show good cause under Federal Rule of Civil Procedure 16(b) to justify amendment." *Mejia v. Illinois Tool Works Inc.*, No. CV-18-09969-MWF(JCx), 2019 WL 8135433, at *6 (C.D. Cal. Dec. 12, 2019); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992) (holding that plaintiff's ability to amend his complaint was governed by Rule 16(b), not Rule 15(a), because "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). Plaintiff has failed to demonstrate good cause — specifically diligence — to amend his pleading.

### B.     Breach of Contract and Breach of Implied Covenant Claims

Plaintiff alleges that Defendant Immunotech breached the Contracts by failing to issue at least 85,810,252 shares of Immunotech stock to Plaintiff. (FAC ¶ 63).

Plaintiff also alleges that Defendant Immunotech breached the implied covenant of good faith and fair dealing by never intending to issue the shares of Immunotech stock to Plaintiff. (*Id.* ¶ 69).

#### 1. March and May 2014 Agreements

Defendants argue that the March and May 2014 agreements address the same set of 40,000,000 shares of Immunotech stock and Plaintiff received the promised shares under these agreements. (Motion at 8–9). Plaintiff contends that the two agreements

---

**CIVIL MINUTES—GENERAL**           5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06618-MWF (SKx)              **Date:** May 14, 2024
**Title:** Elie Sakayan v. Harry Zabilov et al.

were separate and that he never received the shares due under either agreement. (Opposition at 7). Plaintiff acknowledges that he did receive 40,000,000 shares on May 19, 2014, but argues that these shares were not obtained pursuant to the agreements. (*Id*.).

Looking at the agreements and the report detailing Immunotech's shareholders with certificates, it is not clear to the Court whether the agreements address the same set of shares or that Plaintiff's receipt of the 40,000,000 shares was tied to a specific agreement. (Declaration of Harry Zhabilov ("Zhabilov Decl.") (Docket No. 37-10), Ex. A (Docket No. 37-11), B (Docket No. 37-12), D (Docket No. 37-14) at 24). The March 2014 Settlement Agreement states that "[t]his Agreement represents the sole and entire agreement between the Parties and supersedes all prior agreements, negotiations, discussions, and understandings, whether oral or in writing, between the Parties and/or their representatives." (Zhabilov Decl., Ex. A at 4). The May 2014 Transfer Agreement states that "[t]his Agreement is the entire agreement between both parties and neither Buyer nor Seller are relying on any representation or statement not contained in this Agreement." (Zhabilov Decl., Ex. B at 2). The agreements do not mention one another, and the report merely lists the date that Plaintiff received 40,000,000 shares of Immunotech but does not tie the receipt of the shares to a particular agreement. (Zhabilov Decl., Ex. D at 24). Therefore, a material dispute of fact exists on whether there was a breach of these agreements.

Defendants also argue that the claims against these agreements are barred by California's four-year statute of limitations. (Motion at 7).

Under California law, the statute of limitations for breach of a written contract is four years. Cal. Code Civ. Proc. § 337(a). "A cause of action for breach of contract accrues at the time of the breach, which then starts the limitations period running." *IV Sols., Inc. v. Empire Healthchoice Assurance, Inc.*, No. 20-56132, 2021 WL 5492974, at *1 (9th Cir. Nov. 23, 2021) (quoting *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120, 66 Cal. Rptr. 2d 337 (1997)). If the contract does not specify the time within which an act is required to be performed, "a reasonable time is allowed." Cal. Civ. Code § 1657. However, "[i]f the act is in its nature capable of being done instantly —

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-06618-MWF (SKx) | **Date:** May 14, 2024 |
| **Title:** Elie Sakayan v. Harry Zabilov et al. | |

as, for example, if it consists in the payment of money only — it must be performed immediately upon the thing to be done being exactly ascertained." *Id*. Because Plaintiff's claim for breach of the implied covenant of good faith and fair dealing sounds in contract it is also subject to a four-year statute of limitation. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1144 n.4, 271 Cal. Rptr. 246 (Ct. App. 1990) (citing *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 662–63, 328 P.2d 198 (1958)).

The March 2014 Settlement Agreement, provides that 40,000,000 shares of Immunotech were to be issued to Plaintiff "[w]ithin 14 days of the execution of this Agreement." (Zhabilov Decl., Ex. A at 2). Plaintiff's signature on the agreement is dated as March 17, 2014. (Zhabilov Decl., Ex. A at 7). Therefore, the limitations period for a breach contract claim for this agreement started 14 days after March 17, 2014, or March 31, 2014. Plaintiff did not file this complaint until June 22, 2022. (*See generally* Complaint). Therefore, a cause of action for breach of contract for the March 2014 Settlement Agreement is barred by the statute of limitations.

The May 2014 Transfer Agreement provides that Defendant Immunotech would "take all steps necessary to transfer" 40,000,000 shares of Immunotech to Plaintiff "[u]pon signature of this document." (Zhabilov Decl., Ex. B at 2). Defendant Immunotech's signature on the agreement is dated May 14, 2014. (*Id*.). The agreement does not specify the time within which the transfer is required to be performed. Therefore, a "reasonable time" for the transfer is allowed. "What constitutes a 'reasonable time' for performance is a question of fact, and depends on the circumstances of each case." *Yue v. Conseco Life Ins. Co.*, No. CV 08-1506-AHM (JTLx), 2008 WL 5158869, at *7 (C.D. Cal. Dec. 8, 2008) (citation omitted). Neither party provides authority on what a reasonable time constitutes. At the hearing, Defendants argued that a reasonable amount of time had passed, at the very minimum, by June 2018. Given that the March 2014 Settlement Agreement allowed for 14 days after the execution of the agreement for the same number of shares as the May 2014 Transfer Agreement, the Court determines that a reasonable amount of time had passed before June 2018. Therefore, a cause of action for breach of contract for the March 2014 Settlement Agreement is barred by the statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-06618-MWF (SKx) | Date:  May 14, 2024 |
| Title:     Elie Sakayan v. Harry Zabilov et al. | |

Accordingly, the Motion is granted as to Plaintiff's claim of breach of contract for the March 2014 Settlement Agreement and the May 2014 Transfer Agreement. Because Plaintiff's breach of the implied covenant of good faith and fair dealing claim is derivative of his breach of contract claim, the Motion is granted as to Plaintiff's breach of the implied covenant of good faith and fair dealing claim for the March 2014 Settlement Agreement and the May 2014 Transfer Agreement.

### 2. March 2016 Agreements

Defendants argue that Plaintiff failed to plead or show Plaintiff's performance or excuse for nonperformance for conditions precedent to Defendant Immunotech's obligations under the March 2016 Fee Agreement and the March 2016 Purchase Agreement. (Motion at 10). When the performance by one party is a condition precedent to the other party's performance, the "one party is excused from its obligation to perform if the other party fails to perform." *Colaco v. Cavotec SA*, 25 Cal. App. 5th 1172, 1183, 236 Cal. Rptr. 3d 542 (2018).

The March 2016 Fee Agreement provides that Defendant Immunotech would issue shares of Immunotech stock to Plaintiff "upon completion of the filing (the "Filing") of the Form 10 contemplated in this agreement." (Zhabilov Decl., Ex. C (Docket No. 37-13) at 2). Plaintiff argues that filing the Form 10 was not part of his services under the agreement and that it was Defendant Immunotech's responsibility to file the Form 10. (Opposition at 7). Plaintiff does not argue that the Form 10 was filed. Plaintiff also does not argue that doctrine of prevention applies or that prevention of the condition was wrongful such that the condition should be excused. *See Ne. Drilling, Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 40 (1st Cir. 2001) (Under the doctrine of prevention, a "condition precedent is deemed excused when a promisor hinders or precludes fulfillment of a condition and that hindrance or preclusion contributes materially to the nonoccurrence of the condition." (citing Restatement (Second) of Contracts § 245 (1981))). While there appears to be a dispute of fact as to whose responsibility it was to file the Form 10, the condition precedent was never met nor excused in either scenario, and thus Defendant Immunotech was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 22-06618-MWF (SKx) | Date: May 14, 2024 |
| Title: Elie Sakayan v. Harry Zabilov et al. | |

obligated to issue shares of Immunotech stock to Plaintiff under the March 2016 Fee Agreement.

The March 2016 Purchase Agreement was allegedly an agreement to transfer 250,000 shares of Immunotech stock to Plaintiff in exchange for $250. (FAC ¶ 17). Defendants argue that Plaintiff never paid the $250 to Defendant Immunotech. (Motion at 11). However, Plaintiff states in his declaration that shortly after March 31, 2016, he personally met with Defendant Immunotech's Chief Executive Officer, Defendant Zhabilov, confirmed the terms of the agreement, and gave him $250 in cash pursuant to the agreement. (Declaration of Elie Sakayan "Sakayan Decl." (Docket No. 42-2) ¶ 11). Therefore, a dispute of fact exists as to the March 2016 Purchase Agreement. At the hearing, Defendants reiterated their argument that the statue of limitations for this agreement has passed. (*See* Motion at 9). The Court determines that even if Plaintiff paid the $250 to Defendant Immunotech, over two years is an unreasonable amount of time for Defendant Immunotech to have issued the shares. Therefore, a cause of action for breach of contract for the March 2016 Purchase Agreement is barred by the statute of limitations.

Accordingly, the Motion is granted as to Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing for the March 2016 Fee Agreement and the March 2016 Purchase Agreement.

### C. Breach of Fiduciary Duty

Defendants argue that Plaintiff does not have standing to bring a breach of fiduciary duty claim against Defendant Zhabilov. (Motion at 12). Plaintiff concedes that "as currently pled, the Third Cause of Action for Breach of Fiduciary Duty should properly be brough[t] as a derivative claim." (Opposition at 8). Defendants also argue that to the extent "Plaintiff does purport to make derivative claims on behalf of [Defendant] Immunotech," Plaintiff has failed to comply with Rule 23.1. (Motion at 20). Plaintiff asks the Court to permit him to amend the FAC to allege a derivative claim. (Opposition at 8, 10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-06618-MWF (SKx)            **Date:** May 14, 2024
**Title:** Elie Sakayan v. Harry Zabilov et al.

      In addition to Plaintiff's explicit request to amend, Plaintiff's derivative claim is also an implicit claim because the derivative claim is outside the scope of the FAC. *See DK Holdings v. Miva, Inc.*, No. CV 16-0580 W (AGS), 2019 WL 1470881, at *4 (S.D. Cal. Apr. 3, 2019) (holding that plaintiff's breach of contract theory of liability raised in opposition to summary judgment was outside the scope of his complaint where his complaint pleaded a distinct theory of breach in great detail with no mention of the new theory); *see also Mejia*, 2019 WL 8135433, at *7 ("Because Plaintiffs' new theories of liability are outside the scope of the Complaint, the Court will construe Plaintiffs' inclusion of these new theories in their Opposition as a request to amend the Complaint.").

      The deadline to amend pleadings was June 26, 2023. (Scheduling Order). Plaintiff has failed to show any cause let alone good cause to justify amendment. Plaintiff did not provide evidence that he acted diligently. Additionally, Plaintiff's new theory of liability is not based on information learned from Defendant during discovery. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

      Accordingly, the Motion is granted as to Plaintiff's breach of fiduciary duty claim.

      **D.**      **Fraud**

      Defendants argue that Plaintiff's allegations do not satisfy Rule 9(b) and Rule 8. (Motion at 16, 18). Defendants had ample opportunity to attack the sufficiency of the FAC at the pleading stage and fail to demonstrate that they can later raise Rule 8 or 9(b) arguments on a motion for summary judgment. *See Dang v. Pontier*, No. 19CV1519-GPC(AHG), 2020 WL 7481310, at *12 n.9 (S.D. Cal. Dec. 18, 2020) (holding that Rule 9(b) can apply on summary judgment for purposes of demonstrating tolling, but not as it relates to the allegations of fraud claims). Defendants have not met their initial burden of production because they have neither produced evidence "negating an essential element" of Plaintiff's claim nor showed that Plaintiff "does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 22-06618-MWF (SKx) | Date:  May 14, 2024 |
| Title:     Elie Sakayan v. Harry Zabilov et al. | |

have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The only evidence that Defendants proffer is for the argument that Ray's statement, on April 9, 2018, that Immunotech had not been abandoned cannot be attributed to Defendants because Ray was never the Chief Financial Officer nor held any other officer or director position at Immunotech.  (Motion at 17).  The FAC alleges that Ray made that statement with the consent and at the direction of Defendant Zhabilov.  (FAC ¶ 31).  Plaintiff claims that Ray, at one time, represented to be Immunotech's CFO.  (Sakayan Decl. ¶ 13).  Plaintiff also claims that Defendant Zhabilov expressly directed Plaintiff and his counsel to speak with Ray if there were any questions regarding Immunotech's books and records and stated that Ray "is business and development of Immunotech."  (Sakayan Decl., Ex. B).  Additionally, Plaintiff contends that Ray seemingly acted as an intermediary between Zhabilov and Plaintiff when he entered into the March 2016 Purchase Agreement on behalf of Immunotech.  (Opposition at 12 (citing to Sakayan Decl., Ex. A)).

At the hearing, Defendants argue that Plaintiff's subjective understanding of Ray's authority is not relevant because it is not reasonable.  The Court agrees that "[a]pparent authority results when the principal does something or permits the agent to do something which reasonably leads another to believe that the agent had the authority he purported to have." *Hawaiian Paradise Park Corp. v. Friendly Broad. Co.*, 414 F.2d 750, 756 (9th Cir. 1969).  However, the Court determines that based on facts presented on the record for and against summary judgment, a reasonable jury could conclude that it was reasonable for Plaintiff to believe that Ray had authority to speak on whether Immunotech had been abandoned.  Therefore, a reasonable jury could determine that Defendants Immunotech and Zhabilov are liable for Ray's alleged misrepresentations based on actual or apparent authority.

Accordingly, the Motion is denied as to Plaintiff's fraud claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 22-06618-MWF (SKx) | Date: May 14, 2024 |
| Title: | Elie Sakayan v. Harry Zabilov et al. | |

## IV. CONCLUSION

The Motion is **GRANTED** *in part* and **DENIED** *in part* as follows:

The Motion is **GRANTED** as to Plaintiff's claims against Defendant Enzolytics; Plaintiff's claims of breach of contract and breach of the implied covenant of good faith and fair dealing for the March 2014 Settlement Agreement, the May 2014 Transfer Agreement, the March 2016 Fee Agreement, and the March 2016 Purchase Agreement; and Plaintiff's breach of fiduciary duty claim. Judgment on these claims will be entered at the conclusion of the action.

The Motion is **DENIED** as to Plaintiff's fraud claim, which will proceed to trial.

IT IS SO ORDERED.